## KENNEY v. PARKS et al.*

### L. A. No. 405; September 6, 1898.

#### 54 Pac. 251.

**Reformation of Deed—Parties.**—The Attorney Who is Alleged to have committed the fraud of making a deed conveying only a life estate, instead of a fee, is not a necessary party to an action to reform it.

**Reformation of Deed—Parties.**—The Executors in Possession of the Property of deceased, as well as the legatees and devisees claiming it under his will, are properly parties to an action to reform his deed to make it convey a fee, instead of a life estate.

**Reformation of Deed—Pleading.**—There is No Ambiguity Prejudicial to defendants in a complaint to reform a deed so as to convey a fee, instead of a life estate, in that in one place a mutual mistake is alleged, as though both parties were misled by the reading of the deed by the attorney, while in another place it is charged that the attorney and grantor, knowing that the grantee believed the deed to convey a fee, did not disclose the fact that it did not.

**Deeds of Husband and Wife to Take Effect After Death.**—Deeds executed by husband and wife, conveying each to the other their separate properties, and delivered to a third person, with direction to record that of the person dying first, are not testamentary or revocable.[1]

APPEAL from Superior Court, Santa Barbara County; W. B. Cope, Judge.

Action by Sarah J. Kenney against W. S. Parks and others. Judgment for plaintiff. Defendants appeal. Affirmed.

Boyce, Taggart & Kellogg for appellants; B. F. Thomas for respondent.

---

*For subsequent opinion in bank, see 125 Cal. 146, 57 Pac. 772.

[1] Cited with approval in Hieston v. Craig, 167 Ind. 112, 119 Am. St. Rep. 475, 77 N. E. 808, where the parties sought each to establish a separate instrument as the will of the decedent, one of these instruments being, in form, a contract and the other more in the familiar form of a will. The court said that "the animus testandi does not depend upon the maker's realization that the instrument he is executing is a will, but upon his intention to create a revocable disposition of his property to take effect after his death."

Cited in the note in 5 Cof. Prob. Dec. 11, 20, 22, on what constitutes a testamentary writing.

HAYNES, C.—Action to reform a deed, to quiet title, and for other relief. The plaintiff had judgment, and the defendants appeal upon the judgment-roll. The defendants W. S. Parks and J. C. Kenney are the executors of the will of Joseph A. Kenney, deceased, and the other defendants are heirs at law of said decedent, and devisees under said will. A jury was called, to whom certain special issues were submitted, and the findings of the jury thereon were adopted by the court, who added other findings covering all the issues, and ordered judgment thereon for the plaintiff, which was duly entered. Joseph A. Kenney, deceased, and the plaintiff, were husband and wife, and resided in the county of Santa Barbara, where each owned a considerable quantity of both real and personal property. The complaint alleges that in May, 1892, the plaintiff being then of the age of forty-eight years, and said Joseph A. then of the age of seventy-three years, and there being no living children of their said marriage, mutually agreed to execute deeds each to the other conveying absolutely in fee simple all of their respective estates, both real and personal, situate in said county, and agreed that said deeds should be placed as escrows in the hands of the cashier of the First National Bank in Santa Barbara, with directions to said cashier that, if the plaintiff should die during the lifetime of said Joseph A. Kenney, he, the said cashier, should, on request of said Joseph A., or his agent, file the deed of the plaintiff to said Joseph A. for record in the county recorder's office of said county, and, if said Joseph A. should die during the lifetime of the plaintiff, said cashier should, at the request of plaintiff or her agent, file said deed of Joseph A. to her in said recorder's office; that, pursuant to said agreement, said Joseph A. employed one S. W. Bouton, an attorney, to prepare said deeds. They were prepared, and were each duly executed and acknowledged on June 1, 1892. Both deeds are set out in full in the complaint. The deed executed by Joseph A. to the plaintiff is as follows:

"For and in consideration of my love and affection for my wife, Sarah J. Kenney, I, Joseph A. Kenney, of the county of Santa Barbara, in the state of California, do hereby grant, bargain, and sell unto my said wife, Sarah J. Kenney, to have and to hold the same during the term of her natural life, with remainder in fee to my lawful heirs according to

the laws of the state of California, all that real property situated in the county of Santa Barbara, state of California, bounded and described as follows, viz.: All my real property, and all interests therein belonging to me, situate in the said county of Santa Barbara; also all my personal property, of whatsoever kind and description,. moneys, notes, bonds, and all other evidences of debt belonging to me; and this deed shall be an assignment to said grantee of all mortgages and other securities owned by me. This deed is intended to convey all my estate situate in said Santa Barbara county in the event of my decease during the lifetime of my said wife, and is to be deposited in escrow with the cashier of the First National Bank of Santa Barbara to be filed for record by him in case of my decease as aforesaid; and I do hereby declare, as part of this conveyance and my act and deed, that the filing this deed for record by said cashier shall constitute and be a good and sufficient delivery of this deed to the grantee therein named.

"Witness my hand and seal, this first day of June, A. D. 1892.

"[Seal]                    JOSEPH A. KENNEY.

"Signed, sealed, and delivered in presence of
                              "S. W. BOUTON."

The deed executed by the plaintiff to her husband was in all respects the same, except that it purported to convey a fee simple absolute, instead of a life estate. These deeds were each inclosed in a separate sealed envelope; and upon that inclosing the deed of the husband was the following indorsement:

"The inclosed deed, dated the first day of June, 1892, is herewith deposited in escrow with the cashier of the First National Bank of Santa Barbara, and the said cashier who may be such cashier at my decease, if I should die during the lifetime of my wife, is hereby instructed and commanded at my decease, on request of my said wife, or her agent, to open this envelope at once, and to file the inclosed deed for record with the recorder of Santa Barbara county.

"Santa Barbara, Cal., June first, 1892.

                        "JOSEPH A. KENNEY.

"In the presence of

                        "S. W. BOUTON."

The envelope inclosing the deed executed by the plaintiff bore the like indorsement.

Joseph A. Kenney died testate, July 5, 1894; and on July 13, 1894, plaintiff demanded of said cashier that he deliver the said deed executed by Joseph A. to her, or place the same on record at her expense; but he declined to do either, but delivered to her the deed she had executed. The amended complaint was demurred to upon several grounds.

1. It is claimed that there is a defect of parties defendant, in that S. W. Bouton, who is alleged to be the party who committed the fraud, is not made a defendant. He is not interested in the subject of the action, and no judgment could have been rendered for or against him, and therefore could not have been a proper party.

2. There was no misjoinder of parties defendant. The executors of the will, who were in possession of the property, were properly joined with the heirs and the legatees and devisees under the will who claimed to be entitled to the property.

3. Another ground of demurrer is that the complaint is ambiguous and uncertain in its attempted statement of a cause of action to reform said deed. This ground of demurrer refers to the allegations concerning the insertion of a clause in the deed of the husband limiting the estate conveyed to the plaintiff to an estate for life, instead of an estate in fee, as they had agreed, and plaintiff did not discover that said deed contained said clause until April, 1895, which was nearly a year after her husband's death. It is alleged that the deeds were read to plaintiff and her husband by Bouton, and that in the reading of the deed executed by her husband said clause was omitted; that, at the time of preparing said deeds, she had the utmost confidence both in her husband and Bouton, and this was known to her husband, who also knew that she was unable to read said deeds, and believed that her husband's deed conformed to their agreement, and conveyed to her an absolute title in fee simple, and that otherwise she would not have executed her said deed. This is, in substance, the allegation of the complaint upon which the reformation of the deed was prayed for, and was all that was essential to be alleged. It is true, the complaint alleged a mutual mistake in the execution of said deed, as it would be if both parties were misled by the reading of the deeds, and Bouton is thereby, in effect, charged with a fraud upon both, though in

another paragraph it is charged, in substance, that Bouton and Joseph A. Kenney, knowing that plaintiff believed the said deeds were alike, did not disclose the fact that they were not. Whether the fraud was perpetrated solely by Bouton, by which both parties to the deed were misled and deceived, or whether Bouton and the husband both participated in it, could make no difference as to the relief to which the plaintiff is entitled, for in either case she was misled, deceived and defrauded. I see no ambiguity or uncertainty which could mislead or prejudice defendants.

The general demurrer is not specially presented in appellants' brief. It was doubtless based upon the conclusion of counsel that the facts stated showed the instrument in question to be of a testamentary character, and which could not for that reason operate as a deed of conveyance—a question here raised upon the findings, which, it is claimed, do not support the judgment. That it was not intended that the grantee should enter upon the enjoyment of the property described in the deed until the death of the grantor is clear; but, if a future interest was presently and irrevocably given, then it is equally clear that it was valid as a conveyance; and whether it was or not must be determined from the deeds, the instructions to the depositary, and the acts and intentions of the parties. The complaint alleges and the court found that these deeds were made and deposited with the cashier in pursuance of the agreement made between the plaintiff and her husband in reference to the property of each. The consideration for the promise of each to make and deposit the deed was the promise of the other, and, when the deeds were made and deposited in compliance with the terms of that agreement the agreement itself was executed, and could not be annulled except by mutual consent. The deeds, as well as the indorsements made upon the envelopes, call the deposit of the deeds with the cashier of the bank an escrow. Under many authorities, the cashier became a trustee, and not a simple depositary of an escrow, though in either case the deposit was not revocable. It was so held, as to an escrow, in McDonald v. Huff, 77 Cal. 279, 19 Pac. 499. The distinction is that, where the instrument is deposited to await the performance of some condition by the grantee, it is an escrow; while, if it is simply to await the lapse of time or the happening of some contingency, it will be deemed the

grantor's deed presently: Foster v. Mansfield, 3 Met. (Mass.) 415, 37 Am. Dec. 154. So, in Wheelright v. Wheelright, 2 Mass. 452, 3 Am. Dec. 66 (margin): "If a grantor deliver any writing as his deed to a third party, to be delivered over by him to the grantee on some future event, it is the grantor's deed presently, and the third person is a trustee of it for the grantee; and, if the grantee obtain the writing from the trustee before the event happen, it is the deed of the grantor, and he cannot avoid it by a plea of non est factum, whether generally or specially pleaded." But, without multiplying cases from other jurisdictions, I think the case of Bury v. v. Young, 98 Cal. 446, 35 Am. St. Rep. 186, 33 Pac. 338, is conclusive of this case. In that case, Hinkson, being ill, sent for his attorney, to advise as to the disposition of his property, and, acting upon the advice of his attorney, signed and acknowledged a deed purporting to convey his real estate to his two daughters, and gave the deed to his attorney, with instructions not to record it, but to deliver it to the grantees upon his death. He recovered from his illness, and demanded possession of his deed from his attorney, who refused to surrender it. At a later date he made a will devising all his real estate to one of said daughters, and afterward died, and the attorney delivered the deed to the other daughter, the plaintiff in that action. Upon appeal, Mr. Justice Garoutte, speaking for the court, after quoting from many authorities, said (page 451, 98 Cal., and page 340, 33 Pac.): "Section 767 of the Civil Code provides that a freehold may commence in futuro, and for that reason we are inclined to recognize the views of Dixon, C. J., in Prutsman v. Baker, 30 Wis. 650, 11 Am. Rep. 592, as the true rule applicable to this class of cases in this state. We know of nothing in the codes forbidding the doctrine announced in that case, to wit, that the grantor, upon the irrevocable delivery of the deed to the depositary, thereupon constitutes such depositary the trustee of the grantee, and creates in himself a tenancy for life." The case of Bury v. Young, supra, is cited and followed in Wittenbrock v. Cass, 110 Cal. 1, 6, 42 Pac. 300, and in Ruiz v. Dow, 113 Cal. 496, 45 Pac. 867. That the delivery of these deeds to the cashier was an irrevocable transaction follows not only from the fact that it was done in pursuance of a mutual agreement between the plaintiff and her husband, but from the declarations in the body of the instruments and

the express and unqualified direction to the cashier indorsed upon the envelopes; and this irrevocability constitutes the distinguishing characteristic between a grant and a testamentary disposition, which is always revocable and passes no present interest; or, as stated in Habergham v. Vincent, 2 Ves. Jr. 231, the true test of the character of an instrument is not the testator's realization that it is a will, but his intention to create a revocable disposition of his property to accrue and take effect only upon his death, and passing no present interest. The making of a will long after he had executed and delivered the deed to the plaintiff could have no effect upon it.

Appellant attempts to distinguish this case from Ruiz v. Dow, 113 Cal. 494, 495, 45 Pac. 867, because the deed in that case declared that the filing for record after the death of the grantor should be a good delivery of the deed, "as of the date of the execution thereof." But the legal effect of the delivery of that deed to the bank, under the circumstances, would have been the same if the words above quoted had been omitted; and therefore those words served only as the expression of an intention which would have been inferred without them. The question here involved having been expressly adjudicated in this court, a review of the many cases cited by appellant is unnecessary, many of which expressly support our conclusions, while none that we have examined conflict therewith. We advise that the judgment appealed from be affirmed.

We concur: Chipman, C.; Belcher, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment appealed from is affirmed.