A. M. RUIZ, ADMINISTRATOR, ETC., APPELLANT, v. REBECCA DOW ET AL., RESPONDENTS.

DEED—GIFT FROM HUSBAND TO WIFE—DELIVERY TO THIRD PARTY—VESTING OF TITLE—RECORD AFTER DECEASE OF HUSBAND.—Where a deed of gift of real and personal property was made by a husband to his wife, and delivered to a third party for her benefit, with instructions to record it after his decease, but with the intention to vest title in the wife to the property conveyed, as of the date of its execution, such delivery of the instrument is valid and sufficient to vest title in the wife to all the real and personal property described therein.

ID.—INTENTION OF GRANTOR—QUESTION OF FACT—SUPPORT OF FINDING.—While the intention of the grantor in making such deed is all-important in determining the question of its validity, as carrying title to real or personal property, yet such intention is a question of fact for the jury under the law, and where they have found such intention in favor of the grantee, their finding will not be disturbed upon appeal when there is evidence to support it.

ID.—GIFT OF PERSONAL PROPERTY—NOTE—TITLE OF WIFE—PAYMENT TO HUSBAND—DEPOSIT IN BANK.—Where the deed of gift from the husband to the wife, conveyed to her certain real property described, and all of his personal property of every description, "including chattels, stocks, money, notes, bonds, mortgages, and other evidence of indebtedness," the delivery of the deed to a third party with intent to vest title in the wife, passed to the wife the title to each note then payable to the husband, and relinquished all right or control over the same by the husband, and the wife is entitled to a payment thereafter made to the husband upon the note, though such payment was deposited by the husband in bank in his own name prior to his death, and his administrator cannot recover the same, as against her.

ID.—PAROL EVIDENCE OF INTENTION—DECLARATIONS OF HUSBAND.—The intention of the husband to make a present gift to his wife by a deed

delivered to a third person, may be proved by his own declarations, whether made before or after the transaction.

ID.—POWER OF GRANTOR BEFORE DELIVERY—EFFECT OF WRITTEN INSTRUCTIONS.—Prior to the actual delivery of the deed, the grantor may change the character of the delivery originally contemplated, and has the right to destroy and nullify the instrument itself; and written instructions contained in the instrument in reference to the disposition of the deed are not conclusive evidence of the grantor's intention, such as to preclude parol evidence of his declarations as to his intention.

ID.—ATTORNEY AND CLIENT—PRIVILEGED COMMUNICATIONS—DELIVERY OF DEED.—A conversation between the husband and his attorney in reference to the delivery of his deed of gift to his wife to a third person, and instructions by the attorney as to such delivery, given mostly in the presence of the wife, are not privileged, and the husband's attorney may testify to the same on behalf of the wife.

APPEAL from a judgment of the Superior Court of Santa Barbara County.   W. B. COPE, Judge.

The facts are stated in the opinion of the court.

*Richards & Carrier*, and *E. W. Squier*, for Appellant.

The court erred in admitting evidence of the oral declarations alleged to have been made by the deceased, for the purpose of showing the intention of the deceased regarding the effect of the alleged deed.   (*Dent* v. *Bird*, 67 Cal. 652; *Irving* v. *Cunningham*, 66 Cal. 15; *Fratt* v. *Woodward*, 32 Cal. 227; 91 Am. Dec. 573; *Brannan* v. *Mesick*, 10 Cal. 106; Code Civ. Proc., sec. 1856; 1 Greenleaf on Evidence, secs. 275, 277, 283, 287, 288, 289; Stephen's Digest on the Law of Evidence, Chase's ed., art. 90, p. 161; *Schroeder* v. *Schmidt*, 74 Cal. 459; Civ. Code, sec. 1625; *Conner* v. *Clark*, 12 Cal. 168; 73 Am. Dec. 529; *Beall* v. *Fisher*, 95 Cal. 568.)   The testimony of witness Thomas as to such declarations by the deceased was inadmissible, as the declarations were privileged communications, being made to Thomas for the purpose of getting his opinion as an attorney.   (Code Civ. Proc., sec. 1881, subd. 2; 1 Greenleaf on Evidence, secs. 237–43; Stephen's Digest of the Law of Evidence, Chase's ed., art. 115, p. 202; *Root* v. *Wright*, 84 N. Y. 72; 38 Am. Rep. 495; *Westover* v. *Ætna Life Ins. Co.*, 99 N. Y. 56; 52 Am. Rep. 1; *Connecticut Mut. Life Ins. Co.*

v. *Schaefer*, 94 U. S. 457; Weeks on Attorneys, sec. 158; 1 Wharton on Evidence, sec. 592; *Parker* v. *Carter*, 4 Mumf. 273; 6 Am. Dec. 513; *Sanford* v. *Remington*, 2 Ves. Jr. 189.) The question as to what effect the maker of the alleged deed intended it should have was not one of fact to be decided by the jury, the reading of the paper being undisputed. It was the duty of the court to construe the instrument. (*Bruck* v. *Tucker*, 42 Cal. 346.) The admission of the alleged deed in evidence was error because said instrument was never delivered and therefore never became operative as a deed. (*Prutsman* v. *Baker*, 30 Wis. 644; 11 Am. Rep. 593; *Denis* v. *Velati*, 96 Cal. 225; *Fitch* v. *Bunch*, 30 Cal. 209, 213; *Boyd* v. *Slayback*, 63 Cal. 493; *Baker* v. *Haskell*, 47 N. H. 479; 93 Am. Dec. 455; *Taft* v. *Taft*, 59 Mich. 185; 60 Am. Rep. 291.) The evidence fails to show either a gift *causa mortis* or *inter vivos*. (Civ. Code, secs. 1146, 1149, 1151; Thornton on Gifts and Advancements, secs. 3, 28, 72, 76; *Zeller* v. *Jordan*, 105 Cal. 143; *Heslep* v. *Sacramento*, 2 Cal. 580; *Daniel* v. *Smith*, 75 Cal. 548; *Basket* v. *Hassell*, 107 U. S. 602; *McWillie* v. *Van Vacter*, 35 Miss. 428; 72 Am. Dec. 127; *Curry* v. *Powers*, 70 N. Y. 212; 26 Am. Rep. 577; *Harris* v. *Clark*, 3 N. Y. 93; 51 Am. Dec. 352; *Robinson* v. *Ring*, 72 Me. 140; 39 Am. Rep. 308; *Appeal of Walsh*, 122 Pa. St. 177; 9 Am. St. Rep. 83; *Dougherty* v. *Moore*, 71 Md. 248; 17 Am. St. Rep. 524; *Gilmore* v. *Whitesides*, Dud. Eq. 14; 31 Am. Dec. 563; 2 Schouler on Personal Property, 131; 3 Wait's Actions and Defenses, 499.)

*B. F. Thomas*, Respondent *in pro. per.* and for Respondent Rebecca Dow.

To prove that there was a change of the intention as to time and manner of delivery prior to the delivery of the deed conflicts with no law relative to the admission of parol testimony to vary the terms of a written agreement; because until delivery is made it is ineffectual for any purpose. It is not a deed in law. (*Treadwell* v. *Reynolds*, 47 Cal. 173; Wharton on Evidence, sec. 931;

Devlin on Deeds, secs. 260, 262, 994.) The delivery of
the deed to Mr. Sheffield on August 28, 1894, are effec-
tual to convey to Mrs. Dow all the estate of James Dow.
(Civ. Code, secs. 1059, 1147; *Bury* v. *Young*, 98 Cal. 446;
35 Am. St. Rep. 186; *Creswell* v. *Welchman*, 95 Cal. 360;
*Chandler* v. *Chandler*, 55 Cal. 267; *Dean* v. *Parker*, 88
Cal. 283; *Corker* v. *Corker*, 95 Cal. 308; *Ord* v. *Ord*, 99
Cal. 523; *Church* v. *Gilman*, 15 Wend. 656; 30 Am. Dec.
82; *Hibberd* v. *Smith*, 67 Cal. 547; 56 Am. Rep. 726;
*Sneathen* v. *Sneathen*, 104 Mo. 201; 24 Am. St. Rep. 326;
*McElroy* v. *Hiner*, 133 Ill. 156; *Brown* v. *Stutson*, 100
Mich. 574; 43 Am. St. Rep. 462; *Hinson* v. *Bailey*, 73
Iowa, 544; 5 Am. St. Rep. 700; *Munoz* v.. *Wilson*, 111
N. Y. 295.) There was a gift *inter vivos*, and no delivery
was necessary, as the gift did not rest in parol. (Civ.
Code, secs. 1052, 1059, 1147; 8 Am. & Eng. Ency. of
Law, 1322, 1331, 1333; *Connor* v. *Trowicks*, 37 Ala. 289;
79 Am. Dec. 58; *Hall* v. *Howard*, Rice, 310; 33 Am. Dec.
115–18; Williams on Personal Property, 36; *Bullock* v.
*Tinner*, 2 Car. Law Rep. 271; 6 Am. Dec. 562; *Jaggen* v.
*Estes*, 2 Strob. Eq. 343; 49 Am. Dec. 674; *Matson* v. *Ab-
bey*, 24 N. Y. Supp. 284; 141 N. Y. 179; *Irons* v. *Small-
piece*, 2 Barn. & Ald. 551, 552; Thornton on Gifts and
Advancements, secs. 78, 294.) The communications
made by deceased to Thomas and Barton were not priv-
ileged, as they were made in the presence of Mrs. Dow,
and were not confidential. (*Satterlee* v. *Bliss*, 36 Cal.
490; *Hager* v. *Shindler*, 29 Cal. 64; *Sharon* v. *Sharon*, 79
Cal. 678; *Ferguson.* v. *McBean*, 91 Cal. 73; *In re Ware
Estate*, 106 Cal. 343; *In re Will of Coleman*, 111 N. Y.
220; *Rosseau* v. *Bleau*, 131 N. Y. 177; 27 Am. St. Rep.
578; Thornton on Gifts, secs. 222–24, 230; *Hurlburt* v.
*Hurlburt*, 128 N. Y. 421; 26 Am. St. Rep. 482; Weeks
on Attorneys, secs. 151, 161, 165.)

GAROUTTE, J.—This is an action by the administrator
of the estate of James Dow, deceased, to recover the sum
of four thousand dollars from Rebecca Dow, wife of
said deceased. Plaintiff claims the money to be the

property of the estate of the deceased, and the wife claims the money to be her own by gift from the husband. The material facts may be briefly stated as follows: James Dow, a man of considerable property, consisting of lands and money, feeling that he was not long for this world, and desiring that his wife Rebecca should possess his estate without the expense attendant upon an administration in the usual course by the courts, consulted his attorney for advice, and, as a result, a deed was executed and acknowledged by Dow, parts of which are as follows:

"Know all men by these presents, that I, the undersigned, James Dow, . . . . the party of the first part, in consideration of my love and affection for my wife, Rebecca Dow, . . . . the party of the second part, do by these presents grant, give, and convey unto the said party of the second part, her executors, administrators, and assigns, the following properties: First [certain lands, describing them]; Third, all personal property belonging to me of every description whatsoever, including chattels, stocks, moneys, notes, bonds, mortgages, and any other evidence of indebtedness to me, wherever situated, held, or deposited; and this conveyance shall be held and shall be a good and sufficient assignment from me to said grantee of each, all, and every said evidence of debt and ownership by me of every interest belonging to me in all said personalty whatsoever, and an absolute transfer thereof to the grantee therein.

" This deed is to be inclosed in an envelope and deposited for safe-keeping in the First National Bank of Santa Barbara, with an indorsement on said envelope directing that at my decease the then cashier or president of said bank shall, at the request of my said wife, immediately file this deed for record with the recorder of said county of Santa Barbara.

"And I do hereby further declare as a part of this conveyance, and as my act and deed, that the filing of this deed for record, as above recited, at my decease,

shall constitute and be a good, valid, and sufficient delivery of this deed to the grantee therein, as of the date of the execution thereof, as to all properties, both real and personal, belonging to me at the date of my decease."

The aforesaid deed was then inclosed in an envelope, and the indorsement made thereon called for in the body of the instrument. Thereupon Dow handed the deed to his wife Rebecca, who retained it for the period of two years. The deed was then examined by another attorney, at the request of Mr. Dow, which attorney advised him that a delivery of the instrument was necessary to its validity. It was then given to this attorney, with instructions to hand it to the cashier of the bank, Mr. Sheffield, with directions to him that it be recorded upon his, Dow's, demise. The deed was so delivered, and thereafter at Dow's death it was recorded as directed. At the time of the making of the deed, Dow was the owner of a certain promissory note in the sum of twelve thousand dollars, and, after the deed came to the hands of the bank cashier, and prior to Dow's death, payment of four thousand dollars was made upon this note, which sum was deposited by Dow in his own name in the bank. This is the money, the title to which is involved in the present litigation.

This money was the property of the wife, if the title to the twelve thousand dollar note passed to her under the deed made by the husband. And in the consideration of this question, the verdict of the jury upon the facts being favorable to defendant, we shall more particularly address ourselves to the law of the case; for the evidence appears to be entirely sufficient to justify the verdict and judgment based thereon. While the intention which moved and controlled the husband Dow in making this writing is all-important in arriving at a proper conclusion upon the validity of the instrument as one carrying title either to real or personal property, still, that intention was a pure question of fact for the jury under the law, and, upon the record before us, we

are foreclosed from setting aside the jury's finding of fact upon that issue.

It is immaterial to the merits of the present litigation whether or not the first delivery of the instrument to the wife Rebecca was a sufficient delivery, for a subsequent delivery of the paper to the cashier of the bank by Dow's attorney, and under specific instructions, constituted a valid delivery of the instrument. A delivery sufficient in law to pass title to realty, and sufficient in this case to pass title to the land described in the deed now being considered, is sufficiently proven by the evidence in this case. This principle of law has been fully discussed in the recent case of *Bury* v. *Young,* 98 Cal. 446; 35 Am. St. Rep. 186, and upon that decision, with the authorities there cited, we leave the question. For, if the title to the land described in this deed passed to the grantee, Rebecca Dow, it would seem somewhat strange that the instrument should prove too weak to pass title to personal property, viz, a promissory note, and no such results can follow.

If there was a valid transfer of this note to the wife, it constituted a gift; yet it is contended by appellant that there was neither a gift *causa mortis* nor *inter vivos.* It must be conceded that the transaction possesses no elements of a gift *causa mortis.* Was the gift one of *inter vivos?* Appellant declares to the contrary, claiming there was no immediate transfer of title, and no immediate right of possession passing to the donee. It is said in *Zeller* v. *Jordan,* 105 Cal. 148, that, in order to constitute such a gift, " there must be an immediate transfer of the title, and the donor must relinquish all present right to, or control over, the thing given"; and those conditions are presented by the facts of this case. The donor relinquished all present right and control over the note when he made the deed and delivered it to the cashier of the bank, and by the same act he also placed the right of possession of the note beyond himself. The delivery of the deed to the third party operated to accomplish both of these results. It

may be conceded for present purposes that the right
of possession to the note did not vest immediately in
the donee. At the same time it was lost to the donor,
and that is the essential and vital element looking
toward the validity of the gift. It may be further sug-
gested that section 1147 of the Civil Code contemplates
that it is only necessary to the validity of *verbal* gifts
that there should be an actual or symbolical delivery to
the donee.

It is insisted that parol evidence was not admissible
for the purpose of proving the declarations of Dow as to
his intentions in making the deed to his wife. By the
introduction of this class of evidence it was not intended
to vary or contradict the terms of a written instrument,
and the evidence had no such effect. The question
under investigation was, Did Dow, by the deed, intend
to make a gift of this note to his wife? His intention
was the all-important and controlling question. That
such intention may be proved by his own declarations,
made either before or after the transaction, is element-
ary. (Thornton on Gifts and Advancements, secs. 222,
224.)

It is further contended by appellant that the written
directions of Dow, inserted in the body of the deed and
also indorsed upon the envelope inclosing it, were con-
clusive evidence as to his intentions in the disposition
of the deed, and that parol evidence was inadmissible to
show that his intentions were otherwise. Without con-
ceding that his intention bearing upon the delivery of
the deed as expressed in the writing was at all different
from his intention as subsequently expressed in parol,
still he had the right at all times, up to the date of the
actual delivery of the instrument, to modify, enlarge, or
even annul his intentions in this regard, and, as to these
things, he was in no way bound by any writing made
by himself, for the document was in his possession, and
subject in all respects to his control. He not only had
the right to change the character of the delivery origi-

nally contemplated, but he had the right to destroy and nullify the instrument itself.

The objection to the evidence of the witness Thomas upon the ground of privilege was properly overruled. While it may be said that Thomas was the attorney of the donor, still the conversation between them was not confidential in the sense contemplated by the statute. The donee, Mrs. Dow, was present during the greater portion of the time, and, aside from this, the conversation was largely directed toward the delivery of the deed to the cashier of the bank, and, as to any instructions to the attorney by Dow pertaining to this delivery, evidence to that point has always been recognized as admissible. (*Rosseau* v. *Bleau*, 131 N. Y. 183; 27 Am. St. Rep. 578.) As supporting the principle generally that this conversation did not come within the class of privileged communications, we cite *In re Bauer*, 79 Cal. 312; *Michael* v. *Foil*, 100 N. C. 189; 6 Am. St. Rep. 577; *Hurlburt* v. *Hurlburt*, 128 N. Y. 424; 26 Am. St. Rep. 482; *Hanlon* v. *Doherty*, 109 Ind. 43; *Murphy* v. *Waterhouse, ante*, p. 467. There is nothing in the exception upon this point demanding a reversal of the judgment.

For the foregoing reasons the judgment is affirmed.

HARRISON, J., and VAN FLEET, J., concurred.