(103 N. W. 419.)

---

EMMA V. HULET v. THE NORTHERN PACIFIC RAILWAY COMPANY AND AMOS A. GATES.

Opinion filed May 10, 1905.

**Deed — Delivery.**

1. Where the plaintiff's father, intending to make a gift to his daughter of a tract of land, bought and paid for the same, and caused his vendor to execute and deliver to him a deed thereof, naming his daughter as grantee, such delivery was sufficient to pass title to the plaintiff immediately upon the delivery of the deed to the father, even though the deed remained unrecorded in his custody until produced at the trial.

**Gift.**

2. Evidence examined, and *held*, that it shows that the donor in-tended a present gift at the time of the delivery of the deed.

Appeal from District Court, Ransom county: *W. S. Lauder*, J.

Action by Emma V. Hulet against Amos A. Gates. Judgment for plaintiff. Defendant appeals.

Affirmed.

*Rourke, Kvello & Adams,* for appellant.

An intention to give is essential to the validity of the gift, but it is only one of the requisites to vest title to the thing given in the donee. Thornton on Gifts and Advancements, section 133; Donover v. Argo et ux, 79 Iowa, 574, 44 N. W. 818; Thomlinson v. Ellison, 10 Mo. 105; Richardson v. Gray, 52 N. W. 10; McKenna v. Kelso, 3 N. W. 152.

Delivery of the thing given is essential to the validity of the gift. Thornton on Gifts and Advancements, section 133. The delivery of a deed is essential to convey title. Hooper v. Vanstrom, 100 N. W. 230; Thompson v. Easton, 31 Minn. 99; Bernard v. Thurston, 90 N. W. 574.

Until the deed was delivered with intent to part with dominion over it, and that it should take effect according to its terms, the title remained in the railroad company. Longworth v. Close, Federal Cases, 8489; Newell v. Cochran, 43 N. W. 86; O'Connor v. O'Connor, 69 N. W. 676; Cobb v. Chase et al., 6 N. W. 300; Deere et al. v. Nelson et al., 34 N. W. 809; Moody et al. v. Dryden et al., 34 N. W. 210.

Even filing for record will not transfer title, unless done in pursuance of a previous agreement. O'Connor v. O'Connor et al., 69 N. W. 676; Cobb v. Chase et al., 6 N. W. 300; Deere et al. v. Nelson et al., 34 N. W. 809; Moody et al. v. Dryden et al., 34 N. W. 210. The burden of proof on the donee to show gift. Dotty v. Wilson, 47 N. Y. 580; Perly v. Perly, 144 Mass. 104; Scott v. Reed, 25 Atl. 604.

*T. A. Curtis,* for respondent.

When the grantor issued its deed and delivered it to the appellant, running to the respondent, the grantee, the grantor parted with all dominion and control over it, and such delivery was good. Young v. Guilbeau, 3 Wall. 636, 18 L. Ed. 262; Porter v. Woodhouse, 59 Conn. 63; Arnegard v. Arnegard, 7 N. D. 475; Munro v. Bowles, 54 L. R. A. 865 and note; Hosley v. Holmes, 27 Mich. 416; Cook et al. v. Patrick et al., 11 L. R. A. 573; Shrader v. Bonker, 65 Barb. 615.

One of the requisites of the delivery of a deed is the intention of the grantor, and of the person to whom it is delivered, that it shall presently become effectual and operative. Walter v. Way et al., 170 Ill. 96, 48 N. E. 421; Fisher et al. v. Hall et al., 41 N. Y. 416; Crocker v. Lowenphel, 83 Ind. 576.

Acceptance of the deed will be presumed from the beneficial nature of the deed. De Le Villain v. Evans et al., 39 Cal. 120; Ferguson v. Miles, 8 Ill. 358, 44 Am. Dec. 702; Thompson v. Candor, 60 Ill. 244; Rivard v. Walker, 39 Ill. 413; Haenni et al. v. Bleisch, 146 Ill. 262, 34 N. E. 153; Crabtree et al. v. Crabtree et al., 159 Ill. 342, 42 N. E. 787; Ward v. Small, 90 Ky. 198, 13 S. W. 1070; Holmes v. McDonald et al., 78 N. W. 647; Wall v. Wall,

30 Miss. 91, 64 Am. Dec. 147; Rose v. Baker, 13 Barb. 233; Munoz v. Wilson et al., 111 N. Y. 303, 18 N. E. 855.

The assent of the party to the grant made for his benefit is presumed until the contrary appears. Peavy v. Tillman, 45 Am. Dec. 365; Halluch v. Bush, 1 Am. Dec. 60; Treadwell v. Bulkley, 4 Am. Dec. 225; Church v. Gillman, 30 Am. Dec. 82; Merrills v. Swift, 46 Am. Dec. 315; Lady Superior v. McNamara, 49 Am. Dec. 384; Blight v. Scheuck, 51 Am. Dec. 478; Boody v. Davis, 51 Am. Dec. 210.

Acceptance of a deed to a minor by a father is a sufficient delivery, the conveyance being beneficial to him. Where the grantee is under disabilities, as in the case of an infant grantee, assent to a beneficial conveyance is presumed, and knowledge of conveyance and delivery is not essential. Baker v. Haskell, 47 N. H. 479; Spencer v. Carr et al.; 45 N. Y. 410; Gregory v. Walker, 38 Ala. 26; Rivard v. Walker, 39 Ill. 413; Cecil v. Beaver, 28 Iowa, 241.

A purchase of land by a parent in the name of a child will be considered as an advancement, not a trust. James v. James, 41 Ark. 301; Brown v. Burke, 22 Ga. 574; Taylor v. Taylor, 9 Ill. (4 Gill.) 303; Cartwright v. Wise, 14 Ill. (4 Peck) 417; Bay v. Cook, 31 Ill. 336; Maxwell v. Maxwell, 109 Ill. 588; Hodgson v. Macy, 8 Ind. 121; Mutual Fire Ins. Co. v. Deale, 18 Md. 26, 79 Am. Dec. 673; Tremper v. Barton, 18 Ohio, 418; Murphy v. Nathans, 46 Pa. (10 Wright) 508; Douglas v. Brice, 4 Rich. Eq. (S. C.) 322; Dudley v. Bosworth, 29 Tenn. (10 Humph.) 9.

ENGERUD, J. The plaintiff, claiming to be the owner in fee and in possession of a half section of land in Ransom county, brought this action to quiet title and establish her title against the adverse claims of the defendants Northern Pacific Railroad company and Amos A. Gates. There was no appearance by the railroad company, but the defendant Gates appeared, and in his answer denied any title in plaintiff, and alleged title in himself. The nature of the title claimed by him, so far as material on this appeal, will sufficiently appear in subsequent parts of this opinion. There was a trial by the court without a jury, which resulted in a judgment in favor of the plaintiff for the relief demanded. Defendant Gates appealed from the judgment, and demands a trial de novo in this court.

In addition to the main defense hereinafter discussed, the answer alleged ownership in defendant by virtue of a tax deed, and

also alleged ten years' adverse possession under claim of title in fee. The ruling of the trial court that neither of these allegations was sustained is not questioned by the appellant, and will not be further noticed.

The evidence shows that the land was bought from the Northern Pacific Railroad Company, and paid for by the appellant; that the railroad company, at the request of appellant, executed a deed of the land in question on December 10, 1878, naming this respondent as grantee, which deed was delivered by the company to the appellant immediately after its execution, and has remained in the custody of the appellant unrecorded from that time until it was produced at the trial. The respondent is the daughter of the appellant, and at the time of the execution of the deed in question was thirteen years old, and was living at her father's home in Indiana. The respondent claims that her father had the land deeded to her with the then present intent to vest her with the title as a gift. The appellant's contention with respect to the deed is stated in his answer as follows: "That at the time of procuring the deed to be issued in the name of the plaintiff as aforesaid the defendant intended, when the plaintiff reached her majority, to give her the land in question, if in the meantime she had conducted herself towards the defendant as a good obedient daughter should; reserving to himself in the meantime the right to dispose of said lands as he saw fit. That after the execution of said deed aforesaid, and before reaching her majority, and against the defendant's wish, and in disobedience to his express command, she intermarried with one William Hulet." He further claims that the deed was never delivered to plaintiff with intent to pass title, and also alleges that he retained possession of the land at all times until the plaintiff and her husband clandestinely took possession in March, 1901. It is apparent at a glance that, so far as the railroad company was concerned, there was a delivery of the deed with intent to convey title to the grantee named therein. It is not claimed by the appellant that he ever disclosed to the railroad company his intention to receive the deed and hold it as an undelivered instrument during the minority of his daughter. It is unnecessary in this case to express any opinion as to whether or not an intention on the part of Mr. Gates, the donor (an intention undisclosed either to the grantor or grantee in the deed), would operate to postpone the taking effect of the

deed, because the evidence has fully convinced us that the appellant intended at the time of the execution and delivery of the deed that it should take effect and vest the title in his daughter immediately. It is clear that, if both the grantor and donor intended that the deed should take effect as an absolute conveyance of the title to the grantee named in the deed, the delivery of the deed to the father for the daughter was sufficient to vest the title in her. The deed was beneficial to the grantee, and imposed no conditions or obligations upon her. Under such circumstances the delivery of a deed by the grantor to a third person for the grantee is a sufficient delivery to vest the title in the grantee even though this grantee were ignorant of the fact. This is so because in such cases the law presumes acceptance by the grantee in the absence of evidence of nonacceptance. The actual manual possession of the instrument by the grantee is not necessary or important. Arnegaard v. Arnegaard, 7 N. D. 475, 75 N. W. 797, 41 L. R. A. 258. The evidence in this case, however, shows that the transaction was made known to the donee by the donor soon after the delivery of the deed, and that she accepted it.

It would serve no useful purpose to discuss the evidence in detail. On the evidence as a whole we are fully satisfied that the deed from the railroad company was intended both by the grantor and this appellant to convey the land to the respondent at the time of its delivery, and that there was a sufficient delivery to effect the purpose intended.

The judgment is accordingly affirmed. All concur.