## LEAVENWORTH FOWLER, Appellant, v. H. T. FOWLER, Respondent.

**Kansas City Court of Appeals, February 21, 1910.**

1. **GIFT: Intention.** A gift, to be valid, must be a completed transaction and not a mere intention not carried out.

2. ————: **Inference From Expression of Intention.** Where a deed to a lot is brought by the vendor to a purchaser, the latter's brother being present and saying to him "I want to give you the lot," at the same time paying the vendor for it, and the deed being then delivered, it is a completed and valid gift. from the brother.

3. ————: ————: ————. Though the expression "I want to give" may mean merely an intention or desire, yet if carried out by delivering the thing, it is a completed gift.

4. ————: ————: **Witness.** That a witness cannot give the words of a conversation with a party to a suit, is not ground for striking out his testimony.

Appeal from Jackson Circuit Court.—*Hon. H. L. McCune*, Judge.

AFFIRMED.

*Witten & Hall* for appellant.

(1) To constitute a gift, the thing given must be delivered by the donor and accepted by the donee. Safe Dep. Co. v. Huntington, 85 Hun 465; Camberling v. Graham, 79 Hun 247; Rex v. Hunt, N. Y. App. Div., 540; Mathews v. Hoogland, 48 N. J. Eq. 455; Taylor v. Henry, 48 Md. 550; Telford v. Patton, 144 Ill. 611; Williamson v. Johnson, 62 Vt. 378; Voegel v. Gash, 20 Mo. App. 140; Quirk v. Quirk, 155 Fed. 199; Schouler's Personal Prop., sec. 97; In re Campbell's Est., 7 Pa. 101; Young v. Power, 41 Miss. 197. (2) A witness may give the substance of a conversation, but not the result of what the conversation showed. Marshall v. Adams, 11 Ill. 41.

*Beardsley, Gregory & Kirshner* and *Edmond C. Fletcher* for respondent.

(1) There was a complete delivery of the gift in question. Hulet v. Gates, 14 N. D. 209; Fredericks v. Sault, 19 Ind. App. 604; Farlee v. Field (N. J. Eq.), 36 Atl. 345; Cook v. Patrick, 135 Ill. 499; Eckert v. Gridley, 104 Ill. 306; Miller v. Neff's Admr., 33 W. Va. 197; Mize v. Bank, 60 Mo. App. 358; Meyer v. Koehring, 129 Mo. 15; 6 Ency. of E., 222. (2) Where property was bought by the husband for the wife in her name, a gift is presumed and there is no implied obligation on her part to repay. Ward v. Estate of Ward, 36 Ark. 586; Mead v. Rahm, 65 Col. 343; Darrier v. Darrier, 58 Mo. 222.

ELLISON, J.—Plaintiff and defendant are brothers, and at the time of the origin of the transaction in question had been successful in business as partners and were in affluent circumstances. They each desired to buy a lot upon which to build a residence. They bought adjoining, and when the deeds were brought to them the plaintiff paid for his own and for defendant's. The latter claims the transaction was a gift to him, while the plaintiff insists he advanced the money for defendant, to be paid back to him when he should call for it. He afterwards demanded the money, defendant refused to pay and this action followed. The judgment in the trial court was for the defendant.

When the deeds were ready for delivery plaintiff and defendant were together. They differ as to what then transpired. Plaintiff testified that he said to defendant: "I had better pay for these, hadn't I? We will have to draw the money out of the business. If you pay for them we will have to draw the money out of the business. I will just pay for them, and if I ever need it or call for it, you pay me for it." Defendant testified that "when it came to paying for these lots, he wanted to make me a present of the lot. He said,

'You have worked hard and you have made this money. I want to build a ten thousand dollar house on that lot and give it to you.' I accepted the lot, and offered to pay for it at the time, but he wouldn't let me pay for it. He gave me the lot." Whichever statement is true, it was followed by plaintiff paying for both lots, $3600 each, and about six years thereafter bringing this action as just stated.

We cannot see any legal ground for interfering with the judgment. Plaintiff has cited us to authority supporting his contention that a gift must be a completed transaction and that a mere expression of an intention to make a gift will not transfer the title to the thing given until the intention is consummated. We make no objection to this, but, if defendant is to be believed, the jury had ample ground to find that the expressed intention was accompanied by the actual gift. That is, by paying for defendant's lot at the time the deed was delivered to him.

Counsel in argument here emphasize plaintiff's expression "I *want*" to give, as though it meant, I want to do it or intend to do it but I am not yet doing it. The meaning to be given to verbal expression is as various as is the mode or language clothing such expression. If one says to another "I want to give you one hundred dollars," at the same time handing it to him, that, if accepted, is a completed gift. But if he should use the same expression and not accompany it by the act, it would be merely giving voice to a wish, desire or intention. We do not consider the cases of Quirk v. Quirk, 155 Fed. 199, In re Campbell's Est., 7 Pa. St. 101, and others cited by plaintiff as applicable to the facts the jury have found. On the other hand, the cases of Hulet v. Gates, 14 N. D. 209; Eckert v. Gridley, 104 Ill. 306; Cook v. Patrick, 135 Ill. 499, and others cited in the brief, support defendant's case.

Defendant's view of the transaction as a gift is corroborated. He showed by other witnesses that

plaintiff had stated that he had given the lot to defendant. In thus corroborating him a witness said that plaintiff told him, the witness, that he had "given" defendant the lot, that he "gave" defendant the lot. In cross-examination the witness said that he was unable to state the exact language used. Upon this plaintiff insists the testimony should have been stricken out. The trial court properly refused to do so. It was well enough, if desired, for plaintiff to ask the witness for the exact words used, but if they could not be given, as they rarely can, it is all for the jury to consider in forming their belief. The witness not only stated that that was his construction of what plaintiff said, but that it was what he told him.

There was no error in a like ruling as to another witness. Neither was there any error in refusing to permit evidence of plaintiff having lost in his business. It was immaterial. The issue between the parties was whether the transaction represented a gift or a debt. If a debt, no point, was being made that the time had not arrived, or the condition come about, for its collection.

The judgment is affirmed. All concur.