[Civ. No. 2530. First Appellate District.—September 27, 1918.]

MARY V. COWARD, Plaintiff and Respondent, v. AGNES DE CRAY, as Executrix, etc., et al., Defendants and Appellants; CATHERINE L. CODY et al., Defendants and Respondents.

GIFT—INDORSEMENT OF STOCK CERTIFICATES—DELIVERY TO THIRD PERSON FOR DONEE—INSTRUCTIONS TO DELIVER AFTER DEATH OF DONOR.—Where the owner of bank stock indorsed the certificates and delivered them to her attorney with directions to deliver them at her death to the indorsee, the delivery to the attorney vested a present title in such indorsee, subject to a life estate in the donor.

ID.—RETAKING BY DONOR INEFFECTIVE.—Where the donor in such case obtained possession of the certificates several weeks later for the asserted purpose of surrendering them and obtaining new certificates therefor, the gift was not affected, since no subsequent act of the donor could detract from the title which had already vested in the grantee.

ID.—EVIDENCE—DELIVERY AND RECORDING OF OTHER INSTRUMENTS EXECUTED BY DONOR.—It was not error to admit testimony to the effect that the depositary of the stock certificates had, after the death

of the donor, delivered and recorded two deeds, which were delivered to him by the donor at the same time as the stock certificates, and as a part of the same transaction, since evidence of subsequent acts of the depositary under such circumstances was admissible as throwing light on the intent with which the original delivery was made.

APPEAL from a judgment of the Superior Court of Santa Cruz County.  Benj. K. Knight, Judge.

The facts are stated in the opinion of the court.

Charles B. Younger, for Appellant.

Wyckoff & Gardner, for Respondents.

LENNON, P. J.—Catherine A. Wilkins owned certain bank stock, evidenced by two certificates, and also owned two tracts of land.  On the evening of November 4, 1905, Mrs. Wilkins, who was suffering from a dislocated shoulder at the time, sent for her attorney, one Maher, indorsed the bank stock to the plaintiff, her niece, and made two deeds of the land, one tract to Agnes De Cray, also her niece, and the other tract to Frank De Cray, the husband of Agnes.  She delivered the certificates of stock and the deeds to her attorney for the indorsee and grantees respectively, and directed him to hold them until her death, and then to give them to said indorsee and grantees.  About six weeks later Mrs. Wilkins obtained possession of the stock certificates from Maher for the purpose of surrendering the certificates and obtaining new ones, the change being necessary, she claimed, because the bank intended to change from a state to a national bank, and she further stated that when the change was made she would replace the certificates with Maher.  She did not do so, but kept them until her death.  No question was made, either in the lower court or on this appeal, but that the stock, now the subject of this litigation, is the same stock indorsed to plaintiff on November 4, 1905, although reissued and represented by different certificates.  Mrs. Wilkins died testate.  By her will she assumed to give plaintiff but a small part of the stock in question, and she further attempted to give plaintiff an interest in the tract of land which had been the subject of the deed to Agnes De Cray.  The deeds to the land were delivered by Maher to Mrs.

De Cray and her husband after Mrs. Wilkins' death, but he was unable to deliver the certificates of stock because of Mrs. Wilkins' retention of them.

The lower court found in effect that by the indorsement and delivery by Mrs. Wilkins of the stock certificates, title to the stock vested in plaintiff; and the question upon appeal is whether there is sufficient evidence to support that finding.

It is contended that the delivery of the certificates on November 4, 1905, was a gift *causa mortis,* and that therefore it could be and was afterward revoked. While there is some evidence that Mrs. Wilkins thought that she was seriously ill, there is other evidence which strongly points to the conclusion that she was not acting in fear or contemplation of speedy or immediate death. Her ailment, a dislocated shoulder, was not such as would reasonably cause expectation of death; and, in fact, she soon recovered from it. Although a Catholic, she did not have a priest called. She was not confined to her bed, but sat up throughout the transaction with her attorney. She did not tell the attorney anything about being in fear of death. Her only remark to him about the condition of her health was to the effect that she was suffering considerably with her shoulder and that she could not use her hand to write.

Moreover, the evidence shows that Mrs. Wilkins intended to make, and did make, an absolute gift *inter vivos* of the stock. She told her attorney that she wanted to give the stock to Mary, her niece, that she wanted her to have it at the time of her death, and that she wanted the delivery made so there would be no administration. Maher, the attorney, testified that he advised her that she could not avoid an administration of her estate unless she made an absolute delivery of the indorsed stock certificates during her lifetime, such delivery to be either to Mary direct, or to Maher for her, with the understanding that the delivery must be beyond recall. She thereupon proceeded with the transaction and made the delivery to Maher for Mary, and directed him to give the certificates to Mary at the time of her (Mrs. Wilkins') death. The effect of such a delivery is to vest a present title in the grantee subject to a life interest in the grantor (*Bury* v. *Young,* 98 Cal. 446, [35 Am. St. Rep. 186, 33 Pac. 338]; *Ruiz* v. *Dow,* 113 Cal. 490, [45 Pac. 867]), and no subsequent act of the grantor, such as a retaking of the certificates, can detract from the

title which has already vested in the grantee.   (*Ruiz* v. *Dow, supra; Estate of Cornelius,* 151 Cal. 550, [91 Pac. 329]; *King* v. *Fragley,* 19 Cal. App. 735, [127 Pac. 813].)

It was not error to admit in evidence testimony to the effect that the depositary, after the death of Mrs. Wilkins, delivered and recorded the two deeds.   The deeds were delivered by Mrs. Wilkins at the same time as, and as a part of the same transaction with, the delivery of the stock certificates.   Evidence of subsequent acts of the depositary under such circumstances is admissible as throwing light on the intent with which the original delivery was made.   (1 Devlin on Deeds, 3d ed., sec. 280a.)   Moreover, it appears that no objection was made upon the trial to the admission of the evidence in question.

Judgment affirmed.

Beasly, J., *pro tem.,* and Sturtevant, J., *pro tem.,* concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 25, 1918.