FRANK G. WILLIAMS AND CARRIE W. HUNTER, EXECUTORS, ESTATE OF G. W. HUNTER, DECEASED, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 33564.    Promulgated April 6, 1932.

*C. G. Heimerdinger, Esq.*, for the petitioners.
*John D. Kiley, Esq.*, for the respondent.

1080

### OPINION.

LANSDON: Petitioners contend that the unrecorded deeds of 1906 passed a present title to the property therein specified to the wife and daughters of the decedent, and that decedent thereafter must be regarded not as the owner thereof, but as the agent of the grantees. The respondent contends that the decedent's continued possession, control and use of the property and the income therefrom to the date of his death indicate that he did not intend to divest himself of title when he delivered the deeds.

The deficiency notice with statement attached does not clearly set forth any specific statutory basis for including the amount here in controversy in the gross estate of the decedent. On brief, however, counsel for the respondent argues that even if there were a completed gift as claimed the circumstances indicate that it was "intended to take effect in possession or enjoyment at or after * * * death." The only basis for the argument of the respondent is that the decedent continued to use and enjoy the property for the remainder of his life as if it were his own. It is perfectly clear from the record, however, that by his own acts the donor made such enjoyment and use wholly dependent upon his wife. At any time after the date of the transfer Mrs. Hunter could have recorded the deeds and deprived her husband of the possession and management of the property. Even if there was an understanding between husband and wife that the donor was to remain in control of the property until his death, there was, at the utmost, no more than an

implied reservation of a life interest in property completely alienated by deed.

The transfer of March 1, 1906, was not made in contemplation of death within the legal significance of such words. It was not a testamentary disposition of property. Unless the statutory provision relied on by the respondent is controlling, it can not be included in the gross estate of the decedent. In *Reinecke* v. *Northern Trust Co.*, 278 U. S. 339, the Supreme Court said:

> One may freely give his property to another by absolute gift without subjecting himself or his estate to a tax, but we are asked to say that this statute means that he may not make a gift inter vivos, equally absolute and complete, without subjecting it to a tax if the gift takes the form of a life estate in one with remainder over to another at or after the donor's death. It would require plain and compelling language to justify so incongruous a result and we think it is wanting in the present statute.

At bar the situation is much more adverse to the argument of the respondent than in the decision above cited. There, a life interest was expressly reserved. Here, there was no such reservation and the continued use and enjoyment of the property by the donor was wholly at the sufferance of the donees. In our opinion there is no basis for the contention of the respondent. See also *May* v. *Heiner*, 281 U. S. 238.

California is a community property state, but under section 164 of the civil code thereof it is provided that when property is conveyed to a married woman by an instrument in writing there is a presumption that it becomes a part of her separate estate. Even if the property so conveyed was purchased with community funds, the presumption still holds. *Lyon* v. *Lyon*, 233 Pac. 988. There is, therefore, no basis for any contention that any part of the assets conveyed by gift was community property after March 1, 1906. No part of the rents, proceeds or issues of separate property such as made up a part of the assets here in question at the date of the death of the decedent was accumulated community income or a part of any community estate that may have been vested in Hunter and his wife at such date. *George* v. *Ransom*, 15 Cal. 322; 76 Am. Dec. 490.

A completed gift passes title to the property involved and can always be shown by proving intention to give, delivery and acceptance. If the property given is real estate, delivery is by deed properly executed. The property here in question consisted of personalty and real estate. The record clearly establishes intention to give. The deeds were handed to the wife of the donor, who accepted and held them until the donor's death. So far as the wife is concerned, the gift was completed when she accepted the deeds. *Moore* v. *Trott*, 162 Cal. 268; 124 Pac. 462; *Bias* v. *Reed*, 169 Cal. 33; 145 Pac. 516.

The conclusion above disposes of the respondent's contention as to the property conveyed to the decedent's wife by the first deed and her one-half interest in that conveyed by the second deed. It is still necessary to determine whether the delivery of the second deed to the wife and her acceptance thereof can be regarded as delivery to the daughters of the interests conveyed to them by the second deed as tenants in common with their mother. It is now well settled that delivery to one tenant in common is delivery to all. In Thompson on Real Property, vol. 4, at page 964, this rule is stated as follows:

A delivery to one of two or more grantees who take the title as tenants in common is, in the absence of evidence to the contrary, a delivery to both or all.

This principle is supported in *Eshelman* v. *Henrietta Vineyard Co.*, 102 Cal. 199; 36 Pac. 579; *Smith* v. *Lombard*, 201 Cal. 518; 258 Pac. 55. Where a deed is obviously given for the benefit of the grantee and imposes no burdens, delivery and acceptance are presumed even if the grantee is without knowledge thereof until after the death of the grantor and this presumption is even stronger where the grantee is an infant, as was one of the daughters of the decedent herein. *Neeley* v. *Buster*, 50 Cal. App. 695; 195 Pac. 736. *DeLevillian* v. *Evans*, 39 Cal. 120.

Title having passed to the donees at the delivery of the deeds to the mother, what happened to the property after that time is not material. Even an immediate redelivery of it to the donor would not change the character of the transaction. *Beaumont* v. *Beaumont*, 152 Fed. 55; *Hynes* v. *White, supra*. In *Bury* v. *Young*, 98 Cal. 446; 33 Pac. 338, a situation was considered where a father on his sick bed deeded all his real estate to two daughters. The deed was delivered by him to an attorney, with instructions not to record it, but to deliver it to the grantees upon his death. Later, the father, having recovered his health, attempted without success to recall the deed from the attorney. Failing in this, he repudiated the transaction and made a will devising the real estate to one of the daughters. This daughter, claiming under the will, brought suit to nullify the deed, but the court sustained it, holding that the delivery of it to the attorney vested title to the land in the grantees, after which it was beyond recall by the grantor, and that evidence of his subsequent acts, offered to show a contrary intent, was inadmissible. Another California case, with facts strikingly similar, is *Ruiz* v. *Dow*, 113 Cal. 490; 45 Pac. 867. There a husband, in consideration of love and affection, executed a deed conveying his entire estate, consisting of lands, notes, mortgages, money and other personal property to his wife. The deed was delivered to his attorney with instructions that it be placed in an envelope and deposited for safe-keeping in a bank, to be filed for record by the bank officials after his death. The

donor in that case kept physical possession of all of the property conveyed by the deed, including a promissory note upon which he collected $4,000 which he deposited in his personal bank account. The issue submitted to the court was whether or not the deed vested title to this note in the donee and the moneys paid to the donor during his lifetime. The court sustained the claim of the donee to this fund and held that the title to the note vested in her as and from the date of the delivery of the deed to the bank, citing with approval *Bury* v. *Young, supra.*

We think that the record here shows a completed gift and that title to the property affected passed to the petitioner, Carrie W. Hunter, and her four daughters at the delivery to and acceptance by her of the deeds on March 1, 1906. *Coward* v. *De Gray*, 38 Cal. 210; 176 Pac. 56; *Ruiz* v. *Dow, supra; Spitter* v. *Kolding*, 133 Cal. 500; 65 Pac. 1040; *Hulet* v. *Northern Pac.*, 14 N. D. 209; 103 N. W. 628. The parties agree that at the date of the decedent's death the proceeds of the property deeded to the wife and daughters of the decedent in 1906 had a value of $337,221.82. This amount formed no part of the decedent's estate at his death in 1925.

Reviewed by the Board.

*Decision will be entered for the petitioners.*

----

GOODRICH, dissenting: Section 302 of the Revenue Act of 1924 provides in part as follows:

The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—

\* \* \* \* \* \* \*

(c) To the extent of any interest therein of which the decedent has at any time made a transfer, or with respect to which he has at any time created a trust, in contemplation of or intended to take effect in possession or enjoyment at or after his death, except in case of a bona fide sale for a fair consideration in money or money's worth. \* \* \*

Even assuming that the acts done by decedent in 1906 effected a completed gift of the properties, which I doubt, still I think the value of these properties should be included in decedent's estate, for it is clear that the donor's intention, as evidenced by his conduct over a period of years, was that the transfers should take effect in possession or enjoyment at or after his death. I see no justification for recognizing here an implied reservation of a life interest in the property to the donor or to create by implication a trust such as was considered in the case of *Reinecke* v. *Northern Trust Co., supra.*

Here, there was nothing more than an attempt to transfer property and yet retain until death the full control, possession and enjoyment

thereof. Section 302 (c) was designed to cover precisely this sort of a transaction and, in my opinion, the tax should be imposed in this case.

MORRIS, VAN FOSSAN, and MURDOCK agree with this dissent.