CHARLES H. W. FOSTER AND CHARLES H. ALLEN, EXECUTORS OF THE WILL OF CAROLINE B. FOSTER, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 46672. Promulgated July 26, 1932.

*Charles M. Rogerson, Esq.*, for the petitioners.
*Lewis S. Pendleton, Esq.*, for the respondent.

710

712

OPINION.

SMITH: On brief, the respondent states his contention as follows:

It is the contention of the Commissioner that the transfer to the decedent's issue was one intended to take effect in possession or enjoyment at or after the decedent's death within the meaning of Section 302 (c) and that the value of the entire property is subject to tax with the exception of the remainder interest therein deductible under Section 303 (a) (3) as a bequest to charity.

On brief, the respondent discusses generally the common law relative to contingent remainders, and treats the question before us as though the status of the rights of the decedent's issue is determinative of the question. Similar rights were not considered to have affected the transfer involved in *Shukert* v. *Allen*, 273 U. S. 545. To illustrate the erroneous conclusion reached by that line of reasoning, the respondent argues that upon the death of the decedent " for the first time the children possessed interests susceptible of definite valuation and subject to all of the incidents of absolute ownership," which interests he values not upon the basis of their life expectancy, during which they could receive the income from the trust (although that was the basis of his first determination of the

deficiency), but upon the basis of the value of the trust property at the decedent's death, less the then present value of the remainder interest of Harvard College, postponed for 20 years beyond the life expectancy of the youngest of 20 named persons living at the basic date. Under the terms of the special agreement by which the decedent conveyed property to the Harvard Mutual Foundation in November, 1916, and the terms of her will, also executed in November, 1916, her issue shared *per stirpes* and not *per capita* in the income of the fund after her death, and the children of the decedent's married son and daughter were to receive *per stirpes* the share of the income after the death of their parents. Obviously, if the interests of the decedent's issue are susceptible of valuation, it is either upon the basis of their life expectancy or the value of the property at the basic date, less the value of the remainder postponed after that expectancy, and not upon the basis contended for by the respondent. Cf. *Henry R. Ickelheimer et al.*, 14 B. T. A. 1317; *William Nelson Cromwell et al., Executors*, 24 B. T. A. 461. If anything was transferred from the decedent at death to her issue, it was not the right to receive the income in question *per autre vie*, because that was merely the term of the trust, and there might have been a failure of " issue " long before the termination of the Harvard Mutual Foundation, and the conversion of this special fund into the general fund at the option of the trustees, in which event the income went to Harvard College until the termination of the trust, at which time Harvard College received the corpus of the trust. The Commissioner, having admitted error, as alleged by petitioners, in determining that the income of the property in question " passed under and by virtue of the Will " of the decedent, " or of the exercise of a power of appointment in her Will," and in including same in decedent's gross estate at a value of $122,745.28 (the estimated present worth of a 4 per cent income on the value of the property transferred to the Harvard Mutual Foundation over the separate expectancies of Mary C. and Susan C. Foster, W. C. Bowditch, and the youngest child of C. H. W. Foster), there remains only the issue as to whether the transfer by the decedent to the Harvard Mutual Foundation in 1916 was a transfer of property " to take effect in possession or enjoyment at or after " her death in 1926 within the purview of section 302 (c) of the Revenue Act of 1926.

The petitioners contend that the decedent's gifts to the Harvard Mutual Foundation were absolute, complete, and beyond her control, and nothing passed upon her death to the living—that there was no taxable transfer of property—citing *May* v. *Heiner*, 281 U. S. 238; *Burnet* v. *Northern Trust Co.*, 283 U. S. 782; *Morsman* v. *Burnet*, 283 U. S. 783; *McCormick* v. *Burnet*, 283 U. S. 784.

The respondent argues that *May* v. *Heiner, supra*, and the other cases cited by petitioners are distinguishable in that they "involved interests which had vested prior to death or which terminated with death," whereas here we are concerned with interests that vested upon the death of the decedent, and cites *Tyler* v. *United States*, 281 U. S. 497, and *Klein* v. *United States*, 283 U. S. 231. The *Tyler* case dealt with an estate by the entirety and the *Klein* case applied the rule of the *Tyler* case to a contingent remainder which vested by reason of the death of the grantor, who had reserved to himself the reversion. In both cases, the remainder interest in the property involved was contingent upon survivorship, the survivor took by reason of the death of the decedent—that event effected the transfer. Similar contentions regarding the applicability of the principles of these cases were decided adversely to the respondent in *Stephen Peabody et al., Executors*, 24 B. T. A. 787.

The respondent also relies upon *Sargent* v. *White*, 50 Fed. (2d) 410, decided by the Circuit Court of Appeals for the First Circuit (to which Circuit an appeal from our decision would lie). That decision followed *Klein* v. *United States, supra*, in which the court said:

\* \* \* differs from this case to this extent, that the grantor by deed transferred a life estate in some real property directly to his wife, expressly reserving to himself the fee, which, or as in this case the absolute title to the trust funds, passed to the wife at his death in case she survived him.

The court, in distinguishing *May* v. *Heiner, supra*, said:

\* \* \* the absolute disposition of the trust property was provided for in the trust instrument and only the income was reserved to the husband of the grantor and to herself for life, if she survived him.

The stipulated facts show that the decedent made an absolute disposition of the property by irrevocable transfer to the Harvard Mutual Foundation, reserving to herself and her issue the right to receive the net income hereof. The decedent had no control over the trustees and their handling of the trust fund, and she had no power of disposition of the corpus of the fund by will or otherwise (cf. *Edward J. Hancy, Executor*, 17 B. T. A. 464; *John S. Montgomery et al., Executors*, 17 B. T. A. 491; *Cortlandt F. Bishop, Executor*, 23 B. T. A. 920, 928) ; neither was there a possibility of the property reverting to her or going to her heirs upon the happening of any event (cf. *Sargent* v. *White, supra*). As the Supreme Court said in *May* v. *Heiner, supra:*

\* \* \* no interest in the property held under the trust deed passed from her to the living; title thereto had been definitely fixed by the trust deed. The interest therein which she possessed immediately prior to her death was obliterated by that event.

The *May* v. *Heiner* case arose under section 402 (c) of the Revenue Act of 1918, which is substantially the same as section 302 (c) of the Revenue Act of 1926, which the respondent seeks to apply to the trust property involved in the instant proceeding. That decision was based upon the earlier decision in *Reinecke* v. *Northern Trust Co.*, 278 U. S. 339, wherein the court said:

It is of significance, although not conclusive, that the only section imposing the tax, section 401, does so on the net estate of decedents and that the miscellaneous items of property required by section 402 to be brought into the gross estate for the purpose of computing the tax, unless the present remainders be an exception, are either property transferred in contemplation of death or property passing out of the control, possession or enjoyment of the decedent at his death. They are property held by the decedent in joint tenancy or by the entirety, property of another subject to the decedent's power of appointment and insurance policies effected by the decedent on his own life, payable to his estate or to others at his death. The two sections read together indicate no purpose to tax completed gifts made by the donor in his lifetime not in contemplation of death, where he has retained no such control, possession or enjoyment. In the light of the general purpose of the statute and the language of section 401 explicitly imposing the tax on net estates of decedents, we think it at least doubtful whether the trusts or interests in a trust intended to be reached by the phrase in section 402 (c) " to take effect in possession or enjoyment at or after his death," include any others than those passing from the possession, enjoyment or control of the donor at his death and so taxable as transfers at death under section 401. That doubt must be resolved in favor of the taxpayer. * * *

The decedent's life estate was obliterated by her death; the right of her issue to receive the income after her death was established by the trust agreement, and the clause in her will designating the beneficiaries after her death, while ostensibly the exercise of the power of appointment, was in reality executed almost contemporaneously and in accord with the special agreement regarding the trust property and was not an enlargement of that agreement. Where, as here, irrevocable gifts are made to a trust and the donor reserves the income to himself for life and the right to designate the beneficiaries of the income after his death, which right is exercised in accordance with the trust agreement, it is doubtful whether any portion of the trust property should be included in the decedent's gross estate, in view of the decision in *May* v. *Heiner*, *supra*. Such doubts should be resolved in favor of the taxpayer (*Gould* v. *Gould*, 245 U. S. 151, 153), particularly in view of the fact that immediately following the *per curiam* decisions in *Burnet* v. *Northern Trust Co.*, *supra; Morsman* v. *Burnet*, *supra;* and *McCormick* v. *Burnet*, *supra*, Congress amended section 302 (c) of the Revenue Act of 1926 by joint resolution (Public 131), approved March 4, 1931, which specifically provides for the inclusion of property transferred in trust where the transferor " has retained for his life * * * the income from the property or * * * the right to designate the persons

716

who shall * * * enjoy * * * the income therefrom." The amendment was not retroactive and has been applied only to transfers "made after 10.30 P. M. * * * March 3, 1931." Treasury Decision 4314. See *United States* v. *Field*, 255 U. S. 257.

The respondent's action in including the trust property in the decedent's gross estate and deducting therefrom the value of the remainder interest of Harvard College, is reversed. Cf. *Lillian M. Wheeler, Executrix*, 20 B. T. A. 695; *Frederic Ullman et al., Executors*, 20 B. T. A. 782; *Frances Plumer McIlhenny et al., Executors*, 22 B. T. A. 1093; *Colonial Trust Co. et al., Executors*, 22 B. T. A. 1377; *Nanaline H. Duke et al., Executors*, 23 B. T. A. 1104; *Frank G. Williams et al., Executors*, 25 B. T. A. 1078.

*Judgment will be entered under Rule 50.*