THE BRIDGEPORT CITY TRUST COMPANY AND ARTHUR E. ALLING, EXECUTORS OF THE ESTATE OF NOYES E. ALLING, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 87136.   Promulgated January 26, 1940.

*Valentine B. Havens, Esq.,* for the petitioners.
*John R. Wheeler, Esq.,* for the respondent.

OPINION.

LEECH: Section 302 (c) of the Revenue Act of 1926, as originally enacted, and so far as material, reads as follows:

The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—

&ast; &ast; &ast; &ast; &ast; &ast; &ast;

(c) To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, in contemplation of or intended to take effect in possession or enjoyment at or after his death, except in case of a bona fide sale for an adequate and full consideration in money or money's worth. * * *

By joint resolution, Congress amended 302 (c) on March 3, 1931, to read as follows:

(c) To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, in contemplation of or intended to take effect in possession or enjoyment at or after his death, or of which he has at any time made a transfer, by trust or otherwise, under which he has retained for his life or for any period not ascertainable without reference to his death or for any period which does not in fact end before his death (1) the possession or enjoyment of, or the right to the income from, the property, or (2) the right, either alone or in conjunction with any person, to designate the persons who shall possess or enjoy the property or the income therefrom; except in case of a bona fide sale for an adequate and full consideration in money or money's worth.

There can be no doubt that the foregoing amendment covers the trust in this case, and petitioners concede as much. The decedent's reserved power to reallocate the disposition of the income among the beneficiaries falls precisely within the statutory language respecting "the right * * * to designate the persons who shall possess or enjoy the property or the income therefrom."

But, petitioners argue, this trust was created in 1929, and the amendment can have no application to transfers made before its enactment. We agree with petitioners. The effect of the joint resolution is prospective only. *Hassett* v. *Welch*, 303 U. S. 303; *Thomas C. Boswell et al., Executors*, 37 B. T. A. 970.

Eliminating the amendment from consideration, it is settled law that the retention of a power to alter the disposition of trust income does not make the trust a transfer to take effect at or after death; it is only a power to alter the disposition of corpus that has such estate tax consequence. *Waldemar R. Helmholz, Executor*, 28 B. T. A. 165; affd., 75 Fed. (2d) 245; affd., 296 U. S. 93; *Charles H. W. Foster et al., Executors*, 26 B. T. A. 708; affirmed without opinion, First Circuit Court of Appeals, March 20, 1933. The value of the corpus of this trust may not be included in decedent's gross estate under section 302 (c).

Section 302 (d) of the Revenue Act of 1926 requires the inclusion of the value of the corpus of a trust in a decedent's gross estate where "the enjoyment thereof was subject at the date of his death to any change through the exercise of a power, either by the decedent alone or in conjunction with any person, to alter, amend, or revoke." Here again, it is settled that the value of the corpus is not includable in the gross estate unless the power to alter, amend, or revoke ex-

tends to corpus. *Waldemar R. Helmholz, Executor, supra.* See also *McFadden* v. *United States,* 20 Fed. Supp. 625.

Respondent has cited a number of cases in support of his position, with particular reliance on *Commissioner* v. *Chase National Bank,* 82 Fed. (2d) 157; certiorari denied, 299 U. S. 552. However, in each of these, including the *Chase National Bank* case, the retained power extended to corpus, enabling the settlor, as was said in *Porter* v. *Commissioner,* 288 U. S. 436, "to make a complete revision of all he has done." That is not the situation here, where the power to alter by appointment is not only limited but is restricted to income. In affirming the Board in its decision on this issue raised upon substantially similar facts, in *Waldemar R. Helmholz, Executor, supra,* the Circuit Court for the District of Columbia said:

\* \* \* we think it perfectly obvious, as the Board found, that in the trust agreement Mrs. Helmholz divested herself completely of *legal title to the shares* contributed by her to the trust estate and merely reserved a life interest in *the income and a limited power of appointment respecting it;* and if we are correct in this conclusion, it follows that the value of the shares of stock which she transferred to the trust some nine or ten years before her death could not legally be included in determining the amount of her estate. \* \* \* [Emphasis supplied.]

There is no ground, consequently, for inclusion of the value of the corpus of this trust in decedent's gross estate under either section 302 (c) or section 302 (d) of the Revenue Act of 1926. In order to take care of the issues conceded by the parties,

*Decision will be entered under Rule 50.*