[L. A. No. 853. Department One. — July 31, 1901.]

WILLIAM SPITLER, Respondent, v. OTTO KAEDING, and KATE S. WILLIAMS, Respondents; and J. W. CASEBEER, Appellant.

Mortgage— Interest of Daughter— Gift by Father— Review upon Appeal— Support of Finding— Conflicting Evidence. — Where a father furnished money for an interest in a mortgage, which was taken in the name of his daughter, a finding, upon substantially conflicting evidence, that the money paid and the interest in the mortgage was a gift by the father to the daughter, will not be disturbed upon appeal.

Id. — Parent and Child— Presumption of Gift— Trust not Implied. — In view of the relation of parent and child, the fact that the note and mortgage were taken in the name of the daughter is *prima facie* evidence and raises a presumption that her father intended to make her a gift or advancement thereof; and there is no implication of a trust in favor of the parent.

Id. — Custody of Joint Mortgage by Father— Title of Daughter not Affected. — The fact that the father continued to hold the manual custody of the note and mortgage, which were made payable to the daughter and another mortgagee, the interest of each of whom was separately defined in the mortgage, cannot affect the title and right of control vested in the daughter to her portion thereof by the gift, which was perfected when the money representing her interest was loaned by the father to the mortgagor, and the note and mortgage were taken in the name of the daughter, with the intention of the father to make a gift to her of her interest therein.

Id. — Evidence — Repetition of Answered Question. — It was not erroneous to sustain an objection to a question which was a mere repetition of one which had already been asked and answered.

Id. — Deeds to Other Children— Cross-examination. — Where a witness for the father had testified on his direct examination that he drew up the note and mortgage taken in the name of the daughter, and that he had before that drawn up deeds to another daughter, and to a granddaughter, such deeds, and a letter in relation thereto, when identified by the witness upon cross-examination, were properly admitted in evidence.

APPEAL from an order of the Superior Court of Santa Barbara County denying a motion for a new trial. B. T. Williams, Judge.

The facts are stated in the opinion of the court.

B. F. Thomas, for Appellant.

- W. J. Hunsaker, for Respondent Kate S. Williams.

VAN DYKE, J.—This action was brought to foreclose a mortgage, dated January 30, 1897, made by the defendant Kaeding to the plaintiff, Spitler, and defendant Kate S. Williams, to secure the payment of a promissory note of even date for the sum of two thousand five hundred dollars. The note was made payable to said Spitler and Kate S. Williams, and the mortgage to secure the same recites that "the interest of said Kate S. Williams in the aforesaid note and mortgage is fifteen hundred dollars, and the interest of said William Spitler is one thousand dollars." The fifteen hundred dollars belonged to appellant, J. W. Casebeer, and the one thousand dollars belonged to plaintiff, Spitler, and they two united in loaning said money, to secure which the note and mortgage were given, and it was by direction of appellant, Casebeer, that the note and mortgage, as to the amount loaned by him, were made payable to said Kate S. Williams, who is his daughter. In his answer, appellant, Casebeer, states that he did not give the said fifteen hundred dollars to Kate S. Williams, nor his interest in the said note and mortgage; that the only purpose of having said note and mortgage made in the name of said Kate S. Williams was to apparently invest her with the ownership of the three-fifths interest therein, in order to give her some financial standing, and that said Kate S. Williams at the time promised and agreed that whenever he should desire she would assign to him the said three-fifths interest in said note and mortgage. On the other hand, the respondent Kate S. Williams in her answer and cross-complaint alleges that the note and mortgage, as to the three-fifths interest, were made and executed to her by the direction of appellant, her father, for the purpose of making the said fifteen hundred dollars as a gift to her, and the same was then and there given to her by the said appellant, and she denies that she ever promised to assign the said note and mortgage when requested. The court finds: "That said J. W. Casebeer did give said sum of fifteen hundred dollars to said Kate S. Williams, and did give her said note and mortgage; that it was not the only purpose, nor any purpose, of having said promissory note and mortgage in the name of said Kate S. Williams to apparently invest her with

the ownership of the three-fifths interest in said note and mortgage, in order to give her some or any financial standing; that said note and mortgage were not made in her name for the purpose of apparently, or otherwise, giving her some financial or any financial standing; that she did not, immediately before the execution of said note and mortgage, or any time, or at all, promise and agree, or promise or agree, with the said J. W. Casebeer, that she would, whenever he should desire, or at all, assign said three-fifths interest in said note and mortgage, or in said note or in said mortgage, to him." The appeal is taken from an order denying defendant Casebeer's motion for a new trial.

The main contention on the part of appellant is, that the evidence does not support the findings. The testimony of the witnesses to the effect that it was intended as a gift by appellant, Casebeer, to his daughter, if credited, is sufficient to overcome the testimony in behalf of appellant on that point. The judge of the trial court before whom the witnesses testify has the opportunity of noting their manner and appearance while under examination, and therefore is in a better position to judge of their credibility than the appellate court. Hence the rule, that wherever there is a substantial conflict in the testimony, the finding of the trial court will not be disturbed. Aside from the parol testimony, the fact of the taking of the note and mortgage in the name of his daughter is *prima facie* evidence that the appellant intended to make a gift of it, as no implication of a trust arises upon a purchase of property by a parent in the name of a child. *Prima facie*, such a purchase is to be regarded as a gift or advancement. (*Russ* v. *Mebius*, 16 Cal. 355; 2 Pomeroy's Equity Jurisprudence, sec. 1041; *Bennet* v. *Bennet*, L. R. 10 Ch. Div. 474, 476.) In this last case it is said: "The doctrine of equity, as regards presumptions of gifts, is this, that where one person stands in such a relation to another that there is an obligation on that person to make a provision for the other, and we find either a purchase or investment in the name of the other, . . . of an amount which would constitute a provision for the other, the presumption arises of an intention on the part of the person to discharge the obligation to the other, and therefore, in the absence of evidence to the contrary, that purchase or investment is held to be in itself evidence of a gift. In other words, the presumption of gift arises from the moral obligation to

give." The appellant lays great stress upon the fact that he retained the actual custody of the note and mortgage until produced in court at the trial. This might be explained from the fact that as there was but one note, made payable to Spitler and Mrs. Williams, and one mortgage to secure the same, naming Spitler and Mrs. Williams as mortgagees, the instruments could not be in the possession of both interested parties at the same time,—to wit, Spitler and Mrs. Williams,—and it seems quite natural that Mr. Casebeer, acting for his daughter in the premises, should retain possession of the same for her. Besides, it appears at that time the father and daughter were upon the most friendly terms, although subsequently they had a falling out, resulting in litigation between them. The loaning of the money to Kaeding, and taking of the note and mortgage in the name of Mrs. Williams, perfected the gift, if intended as such at the time, and the court finds that such was the intention. That being so, the mere retention of the manual custody of the note and mortgage could make no difference. The title and right to control the same had become vested in Mrs. Williams. (*Calkins* v. *Equitable etc. Association*, 126 Cal. 531; *Hart* v. *Ketchum*, 121 Cal. 426, 429.)

The court sustained an objection made on behalf of Mrs. Williams, to a question put to Mr. Kaeding, in reference to the length of time Williams was employed by him, and the appellant contends that this was error, inasmuch as it was material in explanation of appellant's statement that the note was made in the name of his daughter for the purpose of securing employment for her husband, Williams. But the witness had just answered a direct question by appellant's counsel, as follows: " How long did you keep Mr. Williams there?" —so that the question to which the court sustained an objection was a mere repetition of the one which had already been asked and answered.

Appellant also contends that the court erred in admitting, over his objections, a deed from him to his daughter, Isabel Tucker, and granddaughter, Adrienne Dowell, to certain property, and a letter in relation thereto. Appellant's witness Bowton, on direct examination, testified that he drew the papers, to wit, the note and mortgage in suit, at the dictation of Mr. Casebeer, and had before that drawn up for him some deeds to his daughter and granddaughter, and respondent's attorney offered in evidence, in connection with the cross-

examination of this witness, the deeds which he had referred to and identified, so that the matter objected to was really in cross-examination of what the witness testified to in chief. The other rulings of the court alleged to be erroneous by appellant are either harmless or quite immaterial, and require no special consideration.

The order appealed from is affirmed.

Garoutte, J., and Harrison, J., concurred.