St. Louis, Iron Mountain & Southern Ry. Co. *v.* Caldwell

Opinion delivered February 8, 1909.

1. Carriers—Liability for Injury During Deviation.—Where an initial carrier, having a direct line to the terminus of its road, undertakes to carry freight to that point to be delivered to a connecting road, but deviates by sending the freight over an intervening road, and the freight is damaged after it leaves the initial carrier, the latter is liable for the damage on account of the deviation, although the contract provides that it shall be liable only for losses occurring on its own line, since it is impossible to determine whether the injury would have occurred but for the wrongful deviation. (Page 220.)

2. Same—Limitation of Liability—Consideration.—A stipulation in a bill of lading that the carrier shall not be liable for breakage or leakage in a shipment of drugs was invalid where it was made without consideration, such as a reduction of rates or otherwise. (Page 221.)

3. Appeal—Harmless Error.—The error of permitting witnesses to express their opinions as to the amount of leakage in a freight shipment was not prejudicial where the amount of such loss was fully proved by uncontradicted evidence. (Page 221.)

Appeal from Independence Circuit Court; *Frederick D. Fulkerson,* Judge; affirmed.

## STATEMENT BY THE COURT.

This action was brought by J. J. Caldwell against the St. Louis, Iron Mountain & Southern Railway Company to recover damages to a stock of drugs while in the hands of the railway company for carriage from Newark, Arkansas, to Park, Texas. The facts are as follows: Caldwell was a druggist, and, desiring to move, he went to Mr. Hoyt, the agent of the railway company at Newark, and inquired of him the car rates from there to Texarkana. Hoyt said that he could not tell, but would look the matter up for him. Caldwell returned in a day or two, and Hoyt told him the local rate was seventy-nine cents. Hoyt asked him if he intended to locate in Texarkana. Caldwell replied that he did not, but was going to a place called Park in Bowie County, Texas, on the Texas & Pacific Railway, five miles west of Texarkana. Hoyt then asked him why he was sending his goods to Texarkana and Caldwell said that the merchants had their goods hauled from Texarkana to Park. That he was going to do likewise, and that he could get them hauled for ten cents a hundred. Hoyt told him that the railroad would haul them for ten cents a hundred from Texarkana to Park. Caldwell mentioned to him that the goods would have to be transferred, and Hoyt said that would not make any difference. Neither the St. Louis, Iron Mountain & Southern Railway Company nor the St. Louis Southwestern Railway Company run by Park, and the nearest point to it reached by either company is Texarkana. The defendant company has a direct line of railroad from Newark to Texarkana. On the 19th of May, 1902, the defendant railway company received the stock of drugs for shipment, and gave Caldwell a bill of lading for them consigned from himself at Newark to himself at Park, Texas, the freight charges being prepaid. The bill of lading contained a clause excepting the defendant railway and any connecting carrier from any liability on account of leakage or breaking, and restricting the liability of the defendant railway company to loss or damage occurring on its own road.

When the goods reached Little Rock, Arkansas, a point between Newark and Texarkana, they were transferred from the line of the defendant railway company to that of the St.

Louis Southwestern Railway Company, and the testimony shows that at the time of the transfer they were in apparent good order. The stock of drugs was carried by the St. Louis Southwestern Railway Company into Texas, and finally by a circuitous route arrived at the point of destination in a damaged condition, and additional freight charges to the amount of $15.40 were demanded and received before the goods were delivered to the consignee. Appellee, Caldwell, states that the stock of goods actually lost by breakage amounted to $200. That the remaining stock was damaged by the bottles becoming stained and their labels gummed and discolored so that the contents were rendered unsaleable. That the goods invoiced something like $500 or $600, and were damaged to the extent of seventy-five per cent. of their value.

There was a jury trial and verdict for the plaintiff in the sum of $273.55; and the defendant has duly prosecuted an appeal.

*T. M. Mehaffy,* for appellant.

It is well settled that the carrier may limit his common-law liability.    3 Wall. 107; 204 U. S. 507; 67 Ark. 402; 74 *Id.* 9; *Id.* 125; 32 *Id.* 363.

*McCaleb & Reeder,* for appellee.

It is not made the duty of each justice to explore the transcript in search of issues, or for alleged errors.    57 Ark. 304; 74 *Id.* 320; 75 *Id.* 571; 80 *Id.* 19.    To avail itself of stipulations limiting liability, defendant must specifically plead such stipulations as a defense.    Moore on Car. § 26, p. 338.    For any loss caused by a departure from the usual route, the carrier is liable. Moore on Carriers, p. 103; 76 Ill. 520; 8 Wall. 342.    If a common carrier consents to carry goods after notice of imperfect marking as to the destination, it assumes the responsibility for a safe delivery.    44 Ia. 526; 2 Tex. Civ. App. 631; 100 N. Y. 491; 1 Hilt. 223; 86 Ga. 203; 8 Phila. 19; 24 Wis. 566.

HART, J., (after stating the facts.)    Counsel for appellant first contends that the court below erred in permitting the appellee to testify as to the conversations he had with the railway agent concerning the shipment prior to the issuance of the bill of lading.    Assuming this to be correct, it was not preju-

dicial error. Appellee was given a through bill of lading from Newark, Arkansas, to Park, Texas, by appellant. Appellant has a direct line of railroad from Newark to Texarkana. The town of Park was five miles west of Texarkana on the line of the Texas & Pacific Railway Company, and the nearest point to it reached by the St. Louis Southwestern Railway Company was Texarkana. Hence, by the terms of the bill of lading, the appellant was bound to carry the goods to the terminus of its own line and there deliver them to a connecting carrier. 1 Hutchinson on Carriers, § § 225, 226; *Kansas City, Ft. Scott & Memphis R. Co.* v. *Sharp,* 64 Ark. 115; *Little Rock, Mississippi River & Texas Ry. Co.* v. *Glidewell,* 39 Ark. 487.

Appellant company, in transporting the goods having deviated unnecessarily from the route provided by the bill of lading by transferring the goods from its own line at Little Rock to that of the St. Louis Southwestern Railway Company, is liable for the loss, although the contract provides that it shall only be liable for losses occurring on its own line. The reason is that, the carrier being in the wrong, and it being impossible to determine that the loss would have occurred but for the negligence of the carrier, it must answer for the consequences. 6 Cyc. 383; *Little Rock, Miss. River & Texas Ry. Co.* v. *Glidewell, supra.*

Again, counsel for appellant contends that by the terms of the contract it is not liable for breakage or leakage. The evidence shows that the local tariff rates from Newark to Texarkana were charged, and that no reduction of rates was made on account of this clause of the bill of lading, hence this clause limiting or restricting its liability was not valid, and the present case is controlled in this respect by the decision in the case of *St. Louis, I. M. & S. Ry. Co.* v. *Coolidge,* 73 Ark. 112, and cases cited; *St. Louis & San Francisco Rd. Co.* v. *Burgin,* 83 Ark. 502.

Counsel for appellant also insists that the court erred in permitting the witnesses Mahan and Deener to testify as to their opinion of the amount of damage caused by the leakage. Assuming, without deciding the question, that the court erred in admitting this testimony, no prejudice resulted to appellant. Appellee testified fully as to the amount of damage sustained.

His testimony was not contradicted, was not weakened by cross-examination, and was all the testimony on that point except that of Deener and Mahan now complained of.

Judgment affirmed.