## HAYNES *v.* GWIN.

### Opinion delivered February 10, 1919.

1. GIFTS—EVIDENCE.—A mere naked declaration by a father that he had bought property for his daughter did not confer title upon her, but was evidence of title.

2. GIFTS — DELIVERY — RETENTION OF POSSESSION.—Where a gift is made to an infant by her father who retains possession, he holds as natural guardian, and the possession is the infant's.

3. GIFTS—SUFFICIENCY OF EVIDENCE.—In an action against a widowed stepmother to recover certain personal property, evidence *held* sufficient to support a finding that plaintiff's father had given the property to plaintiff.

4. MORTGAGE—PAYMENT.—The act of a person taking mortgaged property and satisfying the mortgage indebtedness with the proceeds of part of it amounted to payment of the mortgage, and could not be deemed an assignment of it.

5. DOWER—PRIORITY OF MORTGAGE.—The rights of a mortgagee to personal property was paramount to any dower right which the mortgagor's wife might have where the mortgage was given before marriage.

6. DOWER—GIFTS BY HUSBAND.—Where a father gave certain chattels to an infant child prior to a second marriage, dower rights of the second wife did not attach to the property, although it was left in possession of the father.

7. GIFTS—CONDITIONAL SALES.—One purchasing under a conditional contract of sale has an interest which may be the subject of a gift.

8. GIFTS—EVIDENCE—RELEVANCY.—In an action by a stepchild after death of her father to recover personal property claimed to be a gift from her father, the court erred in admitting evidence that at the .time of the alleged gift the father had named plaintiff as beneficiary in a life insurance policy, and on his subsequent marriage had appointed his second wife and plaintiff as beneficiaries.

9. APPEAL AND ERROR — REVIEW — HARMLESS ERROR.—The Supreme Court will reverse only for errors prejudicial to appellant.

10. APPEAL AND ERROR—HARMLESS ERROR—EVIDENCE.—In an action to recover personal property under claim that there was a gift, the only question being as to whether or not property had been delivered, improper evidence tending merely to show that the alleged donor had intended to make a gift was not prejudicial.

Appeal from Perry Circuit Court; *John W. Wade,* Judge; affirmed.

### STATEMENT OF FACTS.

This is an action brought by Dovie Gwin by her next friend, Clark Haynes, to recover an automobile, a cow, and certain household furniture. After the original complaint and affidavit in replevin had been filed, the plaintiff filed an amendment thereto stating a particular description of the property claimed and the value of each article thereof. The material facts are as follows:

Lula Haynes is the widow of W. A. Haynes, deceased, and Dovie Gwin is a daughter by a former wife. The mother of Dovie Gwin died on October 27, 1916, and Dovie was at the time fourteen years of age.

According to Dovie Gwin's testimony, after her mother's death and during the fall of 1916, her father, W. A. Haynes, brought an automobile and some new fixtures to his home and gave them to her. He also gave her a cow which he had bought before her mother died. W. A. Haynes married the defendant on Janary 17, 1917.

The plaintiff continued to reside with them until October 27, 1917, when she married Jim Gwin, a brother of her stepmother. She then went with her husband to his father's home which was next to that of her father and lived there until her father died on January 30, 1918. She did not take away any of the property embraced in this suit when she married and left her father's home.

Mrs. Sylvania Eaton, a sister of the plaintiff, testified that after their mother's death their father bought an automobile and some new furniture and gave them to the plaintiff. She, also, testified that he gave to the plaintiff a cow which he had bought in their mother's lifetime.

Several other witnesses testified that they saw W. A. Haynes taking the automobile and the new furniture to his home and that he stated to them that he had bought them for the plaintiff.

One witness testified that the plaintiff was with him when he bought the automobile and that they rode home in it. All these conversations occurred at the time he bought the automobile and the furniture and before he married the defendant.

According to the testimony of the defendant, Lula Haynes, the plaintiff continued to reside at her father's home until she married in the fall of 1917. The plaintiff never made any claim to the property in question and it remained in the possession of W. A. Haynes during his lifetime. The plaintiff never said anything about taking any of it away at the time she married the brother of the defendant.

W. A. Haynes gave a mortgage to a firm of merchants in Conway, Arkansas, on the automobile, two mules, a wagon, his plow tools, the cow, and his crops of corn and cotton to be grown by him in Perry County, Arkansas, during the year 1917, to secure an account which he owed them. At the time of his death W. A. Haynes owed a balance of $612.03 on said mortgage. The defendant and her father paid the mortgagees the amount of the mortgage inndebtedness and had the mortgage

transferred and assigned to them. Three hundred and sixty dollars of the money so paid to the mortgagees was obtained by the sale of the cotton embraced in the mortgage and the defendant has in her possession the two mules embraced in the mortgage, which are worth more than the balance of the mortgage indebtedness. Other facts will be referred to in the opinion.

The jury returned a verdict in favor of the plaintiff and from the judgment rendered the defendant has appealed.

*P. H. Prince,* for. appellant.

A gift of personal property must be delivered. 60 Ark. 169. A gift to take effect after death of the donor retaining control and possession cannot be sustained. Am. & Eng. Enc. Law (2 ed.), 1015. If donor and donee reside at same place at the time of the gift, possession of donee at place of residence not sufficient. *Ib.* 1018.

In case of furniture, etc., in a certain room donor must clearly designate the property and turn over the possession to donee. *Ib.* 1021. Delivery must be absolute. Donor must part with possession and reliquish all dominion and control. *Ib.* 1019. Where parties live together as parent and child it is sufficient if it clearly appears that donor has relinquished and donee has acquired all dominion and control of the property. *Ib.* 1024. Here there was no delivery and appellee went away without taking or claiming any of the property.

It was error to allow Dovie to prove that Haynes had insured his life for $1,000 and then after Dovie had married changed the policy to his wife, Lula. It was error also by ordering the exhibit of five beneficiary certificates on Haynes' life taken from another case in court and read to the jury. Also in allowing the clerk, Brazil, to testify, giving the substance and changes in said certificates and that the certificate was changed to Lula. Also in plaintiff to prove on cross-examination of Jim Gwin that two mules in the mortgage to Frauenthal & Schwartz were worth $250 and worth enough to pay the balance on the mortgage after Haynes' cotton had paid

$360. The court erred in its instructions. Kirby's Digest, § 72. Haynes' estate is insolvent. The verdict is contrary to the law and evidence.

*J. H. Bowen* and *Calvin Sellers,* for appellee.

The testimony supports the verdict. There was no error in admitting testimony nor in the instructions, as they clearly are the law. 10 Ark. 211. The verdict should not be disturbed as it is supported by the law and the evidence.

Haynes gave appellee all the personal property including the mortgaged mules.

HART, J., (after stating the facts). It is earnestly insisted by counsel for the defendant that the evidence is not legally sufficient to warrant the verdict. It is claimed that in order to make a valid gift, possession must at the time accompany it and that the proof in the present case fails to show that the property was delivered to the plaintiff. We do not agree with counsel in this contention, but think the question was one of fact for the jury and not of law for the court. The plaintiff was only fourteen years of age at the ⁺ ⋅⋅ her mother died. It is fairly inferable from the evidence that her father took her to town and bought an automobile and drove home with her in it. He told a married daughter that he had bought the automobile for the plaintiff. He, also, told his married daughter that he had given the cow and the new furniture purchased by him, after his first wife's death, to the plaintiff. He told other persons at the time he purchased the automobile and the furniture that he had bought them for the plaintiff. It is true his mere naked declaration that he had bought the property for his daughter did not confer title upon her, but it was evidence of title. *Prater, Ad.* v. *Fraser and Wife,* 11 Ark. 249. Where a gift is made to an infant, even, by the father himself and the father takes possession of the property, he holds as natural guardian, and the possession is the infant's. *Dodd* v. *McCraw,* 8 Ark. 83, and *Danley* v. *Rector,* 10 Ark. 211. It follows that there was evi-

dence legally sufficient to warrant the verdict in favor of the plaintiff.

It is next contended that the court erred in giving instruction No. 1, as follows:

"You are instructed that if J. J. Gwin and the defendant paid off the mortgage executed by W. A. Haynes or any portion thereof, with property or the proceeds of property included in the mortgage and that they have in their possession other property included in said mortgage sufficient to satisfy, the balance, if any, due on said mortgage, neither of them acquires any title by virtue of the mortgage or title notes to the property included in the mortgage or title notes."

The court did not err in giving this instruction. The defendant could not take possession of the property included in the mortgage and procure an assignment of the mortgage to herself with it. Her act in taking the mortgaged property and satisfying the mortgage indebtedness with the proceeds of it amounted to a payment of the mortgage and could not be deemed an assignment of it. The rights of the mortgagee to the property was paramount to any right of dower she might have. The mortgage was given before her dower rights attached and according to the testimony for the plaintiff the property was given to her before the defendant married the father of the plaintiff. Hence there was no error in giving the instruction.

It is next insisted that the court erred in giving instruction No. 2. The instruction is as follows:

"If you find that W. A. Haynes gave to the plaintiff the cow in question, she is entitled to recover the possession of the cow notwithstanding one Owen may yet hold an outstanding title note to the same."

There was no error in giving this instruction. This court has held that one purchasing under a conditional contract of sale has an interest which he may sell subject to reservation of title in favor of the first seller. *Clinton* v. *Ross,* 108 Ark. 442.

It follows from the principle of law announced in this case that W. A. Haynes had a right to give the cow to the plaintiff. Owen was not a party to the suit and his rights are not affected thereby. The court in its instructions placed the burden of proof upon the plaintiff and also by specific instructions told the jury to find for the defendant if it should find that there had been no delivery of the property to the plaintiff. In other words, the court by appropriaate instructions told the jury in effect, that to constitute a valid gift it is essential that there be a delivery of the property to the donee.

Finally it is insisted that the court erred in admitting certain evidence in regard to the change of the beneficiary in a life insurance policy on the life of W. A. Haynes in which his first wife was named as the beneficiary. It will be remembered that his first wife was the mother of the plaintiff. The plaintiff was permitted to prove that after the death of her mother, Haynes had the beneficiary changed to the plaintiff. Then after his marriage to the defendant he again had the beneficiaries changed so that the policy was made payable to the plaintiff and the defendant. Subsequently Haynes again changed the policy so as to appoint the defendant the sole beneficiary therein. The changes made by Haynes in the beneficiaries in the policy had no connection with or relation to the gift of the property in controversy by him to the the plaintiff. Hence the court committed an error in admitting the evidence to go to the jury; but it does not follow that the judgment should be reversed on that account. It is well settled in this State that this court only reverses for errors prejudicial to the rights of the party appealing. The evidence could have had no effect except as tending to prove that Haynes intended to give all of his property to his daughter, the plaintiff, after his first wife's death. The undisputed proof shows this to be the fact. All of the witnesses testified that he either told them that he had bought the property for his daughter or that he had given it to her. This referred to all the property in controversy. The only contro-

versy between the parties was as to whether or not the property had been delivered to the plaintiff, and the admitted evidence had no bearing whatever on this point. As just stated, it was only admitted as a circumstance tending to prove that Haynes intended to give all his property to his minor child after his first wife died. The testimony being as to a fact which was proved by the uncontradicted evidence, there was no prejudice to the rights of the party appealing in allowing it to go to the jury. *Bispham* v. *Turner,* 83 Ark. 331; *Bailey* v. *O'Neal,* 92 Ark. 327; *Kansas City So. Ry. Co.* v. *Morrisson,* 103 Ark. 522; *DeQueen & Eastern Ry. Co.* v. *Thornton,* 98 Ark. 61; and *St. L., I. M. & S. Ry. Co.* v. *Caldwell,* 89 Ark. 218.

We find no prejudicial error in the record and the judgment will be affirmed.