EMIL FRANK, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 50224. Promulgated April 11, 1933.

*W. C. Magathan, Esq.*, and *S. L. McCormick, Esq.*, for the petitioner.

*Harold F. Noneman, Esq.*, for the respondent.

1160

TRAMMELL: The sole issue in this case is whether or not the net income reported in the returns of the petitioner's three daughters for the taxable year 1927 belonged to them or to the petitioner. The amount of gross income reported and deductions claimed are not in dispute. The income in controversy was derived from brokerage accounts opened and operated by the petitioner in the names of his daughters, under the circumstances set out in our findings of fact.

The respondent determined that these trading accounts were in effect trading accounts of the petitioner, and that all profits and losses resulting from the transactions should be reflected in his income tax return. The petitioner contends that the action of the respondent in including in his taxable income the income derived from the brokerage accounts carried in the names of his daughters was erroneous. The issue essentially involves the question of the ownership of said accounts.

The uncontroverted evidence shows that in 1925 the petitioner established brokerage accounts in the names of each of his three daughters, who were in that year 16, 14 and 8 years of age, respectively. In the taxable year they were 18, 16 and 10 years of age, respectively. The accounts were opened with stocks which had been theretofore given to their daughters by the petitioner and his wife. Mrs. Frank had a separate estate valued at not less than $200,000, and during the years 1925 to 1927, inclusive, made transfers to the brokerage accounts of the three daughters in excess of $55,000. Transfers were also made to the daughters' accounts by the petitioner, and both the corpus and income of the accounts were at all times scrupulously treated as the separate property of the daughters.

The petitioner and his wife each had a separate brokerage account, and stocks and cash were transferred from other accounts to the accounts of the daughters, but no transfer was ever at any time made from the accounts of the daughters to any other account. The petitioner managed the brokerage accounts of the daughters, as well as his wife's and his own, but never at any time used any stocks or proceeds from the daughters' accounts other than for their direct benefit. Some of the stocks were transferred to the daughters on the books of the corporations and certificates issued in their names, and when the trading accounts were opened in the names of the daughters the broker was specifically informed that said accounts belonged to them. All checks for the proceeds from sales of stock were made in their names. When a daughter became of age, the income was paid over to her for her own use, and when the eldest daughter was married her brokerage

account was closed and the stocks and cash therein were turned over to her and her husband.

These facts, in our opinion, reasonably establish that the brokerage accounts in question belonged in fact to the daughters, and that the stocks and cash transferred by the parents to the trading accounts of the daughters prior to the taxable year constituted bona fide completed gifts.

When the brokerage accounts were opened by the petitioner in the names of his minor daughters, the broker was fully informed that the accounts belonged to them, and the petitioner explained to the broker the purpose in view, namely to create separate estates for the daughters. Under the well established rules of law, the broker thereupon became a pledgee for the daughters in respect of the stocks thereafter contained in the said accounts, and occupied a fiduciary relationship to the petitioner's daughters. His possession was their possession, and they were entitled to receive from him all property in their accounts after deduction of the broker's lawful charges. See *Richardson* v. *Shaw*, 209 U. S. 365; *Lamprecht* v. *State*, 84 O. St. 32; 95 N. E. 656; *Austin* v. *Hayden*, 171 Mich. 38; 137 N. W. 317.

The respondent's contention is predicated on the theory that completed gifts were not made in or prior to the taxable year, allegedly because there was no delivery of possession to the daughters who were not permitted to exercise dominion over the subject matter thereof. Respondent points to the fact that the petitioner was in full and complete control in managing the accounts of the daughters, and in 1929, subsequent to the taxable year, established a trust fund as settlor, including in the corpus of the trust stocks taken from the daughters' brokerage accounts. The points raised by the respondent we think are not controlling under the circumstances of this case.

When the gifts here in question were being made, the daughters were infants, incompetent both in law and in fact to have uncontrolled possession of large sums of money or to manage valuable property. Even in the taxable year the youngest girl was only 10 years of age and the eldest 18. It is the generally recognized rule that where a gift is made to a child the father as natural guardian may take possession and exercise complete dominion and control over the property for his child. *Haynes* v. *Gwinn*, 137 Ark. 387; 209 S. W. 67; *Richardson* v. *Emmett*, 70 N. Y. S. 546; *Spitler* v. *Kaeding*, 133 Cal. 500; 65 Pac. 1040; *Tucker* v. *Tucker*, 138 Ia. 344; 116 N. W. 119; *Harry C. Moores*, 3 B. T. A. 301.

In *Haynes* v. *Gwinn*, *supra*, the court said:

Where a gift is made to an infant, even by the father himself, and the father takes possession of the property, he holds as natural guardian, and the possession is the infant's.

The same rule prevails in Ohio. In *Rote* v. *Warner*, 17 O. C. C. 360, it was held that a gift to a child of such tender years as to be unfit to have the custody of the gift would not be defeated by the retention of such custody by the donor's wife. On appeal, the case was affirmed without opinion by the Supreme Court of Ohio. (57 O. St. 633; 50 N. E. 1133.) To the same effect, see other decisions of the Ohio courts cited in *Harry C. Moores, supra*. The General Code of Ohio, sec. 10928, recognizes the father and mother as the natural guardians of a minor child and provides that they shall have the management of such ward's estate during minority.

In respect of delivery of the subject matter of the various gifts involved in this case, it seems to us that the petitioner did everything that could reasonably have been expected of him to make valid delivery to his minor daughters, under the existing circumstances.

In *Harry C. Moores, supra*, we had before us a situation essentially similar on the question of delivery to that presented in the instant case. Moores transferred to his wife and two minor daughters, then 14 and 7 years of age respectively, a total of 160 shares of common stock of the Moores & Ross Milk Company, 100 shares being transferred to his wife and 30 shares to each of the children. The stock was transferred to the children for the purpose of providing a separate estate for them and of interesting them in business affairs, as well as to provide for them against any eventuality that might occur in the future. As in the present case, Moores managed all transactions for his wife and children, and the following extract from our opinion as to the sufficiency of delivery to the minor children is equally applicable here:

It is essential to the validity of a gift that there be a distinct delivery of property so as to show that the donor has relinquished all dominion over it. The donor went as far in this case as he could have gone, unless he had secured the appointment of a guardian or trustee to manage the property of his daughters. Naturally, he deemed such appointment unnecessary. He was their natural guardian, and his success in business might well have led him to believe that no other was necessary or desirable from any point of view. The appointment of a guardian or trustee would, to some extent at least, have deprived the children of the opportunity to learn how to transact business and to conserve the property. It would have been expensive and an unnecessary impoverishment of their property.

The petitioner here was the natural and legal guardian of his minor daughters and his possession and control of the subject matter of the gifts constituted possession and control by the daughters. The gifts will not be defeated because of such fact, if there was a bona fide intention to give. On this point the law presumes that the transfer of property or money to a minor child by the parents

is a gift. In *Storey* v. *Storey*, 214 Fed. 973, the doctrine is stated as follows:

Transfers of money from a father to a minor son can not create a debt. Transfers from a father to an adult son may; but only by an express agreement to that effect. Presumptively such transfers are irrevocable gifts, either never to be accounted for or only as advancements.

In *Smith* v. *Smith* (Mich.), 184 N. W. 501, the court said: "Money paid to a wife or child will be presumed to have been a gift or advancement, but such presumption is rebuttable." Cf. *Jacob Grossman*, 9 B. T. A. 643, and *Elizabeth N. C. Hetherington*, 20 B. T. A. 806.

In the instant case, the evidence not only does not tend to rebut the legal presumption, but strongly supports the conclusion that bona fide gifts were intended to be made.

We are also unable to agree with the respondent that the establishment of the trust in 1929, embracing in part stocks theretofore given to the daughters, is conclusive or even persuasive evidence to defeat the alleged prior gifts. If the gifts were bona fide and complete prior to the taxable year, the income therefrom in the taxable year was not the income of this petitioner, and is not taxable to him. If the gifts were complete prior to the taxable year, what was subsequently done with the property is not material. In *Edson* v. *Lucas*, 40 Fed. (2d) 398, 404, proceeds from the sale of property which had been the subject matter of a prior gift were subsequently included in a trust established by the donor, and the court said:

After a gift is once complete and the title has passed to the donee, the fact that the donor subsequently has possession of the property given does not affect the validity of the gift. [Citing authorities.]

See also *Lilian K. Blake*, 23 B. T. A. 554, where we held that income from shares of stock held in trust by the petitioner for her minor son was not taxable to her.

Respondent's action in the present case is reversed.

*Judgment will be entered for the petitioner.*