## H. C. PRIESTER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 55195. Promulgated October 17, 1935.

*Herbert E. Sitz, Esq.*, for the petitioner.
*E. A. Tonjes, Esq.*, for the respondent.

OPINION.

SMITH: If the shares of Deere & Co. purchased by petitioner in 1927 and sold in 1928 constituted the separate property of the petitioner's children it follows that the profit realized from the sales constituted taxable income of the children. The petitioner asserts that the issue in this proceeding is primarily a question of the ownership of Deere & Co. stock. This is obviously correct. The respondent contends that the petitioner and not the children was the owner of the stock. He contends that there was no valid gift of Central States Power & Light Corporation stock or the proceeds of the sale thereof by the petitioner to his children. He reaches this conclusion by claiming the petitioner had the power to recant or retract the gift at any time and that in fact he did recant it.

In *Haynes* v. *Gwin*, 137 Ark. 387; 209 S. W. 67, 68, the court stated:

\* \* \* Where a gift is made to an infant, even by the father himself, and the father takes possession of the property, he holds as natural guardian, and the possession is the infant's. \* \* \*

In *Beaumont* v. *Beaumont*, 152 Fed. 55, 58, it is said:

\* \* \* What shall constitute the essential delivery, possession or control, must depend always on the circumstances of each case and the environment of the parties. \* \* \*

This is particularly true in the case of minors who, because of tender years, may be incapable of managing the property. In such a case the parent making the gift may receive delivery and exercise control for the minors as their natural guardian. See *Emil Frank*, 27 B. T. A. 1158. In that case the respondent determined that certain brokerage accounts which the taxpayer established in 1925 in the names of his three minor daughters, who were 8, 14, and 16 years of age in that year, were in effect trading accounts of the taxpayer and not of his daughters. The taxpayer managed the brokerage accounts but always treated the securities therein as the separate property of his daughters. We held that the income derived from the brokerage accounts owned and operated by the tax-

payer in the names of his minor daughters was in fact income of the daughters and was not taxable to the taxpayer. In our opinion we stated:

The petitioner here was the natural and legal guardian of his minor daughters and his possession and control of the subject matter of the gifts constituted possession and control by the daughters. The gifts will not be defeated because of such fact, if there was a bona fide intention to give. On this point the law presumes that the transfer of property or money to a minor child by the parents is a gift. * * *

We think there can be no question but that the evidence in this proceeding indicates an intention on the part of the petitioner to make a gift to each of his minor children of 150 shares of Central States Power & Light Corporation common stock. To effect the gift the petitioner had the shares of stock made out in the name of each of his minor children. In order to make sale of those shares it was necessary for him to obtain the permission of the court having jurisdiction therein to order the sale of the shares. In the light of these circumstances we can not doubt that the proceeds of the sale of the stock constituted the property of the minor children. All that was done by the petitioner with respect to the proceeds was consistent with the theory that the proceeds from the sale of the stock belonged to the minor children and nothing that was done is consistent with a view that the petitioner used those proceeds in the purchase of Deere & Co. stock for his own benefit.

The evidence further shows that the brokerage concern through which the petitioner dealt objected to opening an account with the petitioner as guardian for his minor children. The petitioner thereupon made purchases of Deere & Co. stock for his children through his own brokerage account. The profits from the sale of those shares were all credited to the accounts of the minor children and were not taken by the petitioner as profits belonging to himself.

The question before us is whether the profits from the sale of the Deere & Co. stock were profits of the minor children or profits of the petitioner. Petitioner accounted for the profits as guardian and trustee for his children. We are of the opinion that the purchase and sale of the Deere & Co. shares through the brokerage account and on margin carried in the name of the petitioner is no bar to the claim of the petitioner made herein. All of the purchases and sales of this stock were for the guardianship accounts, and all purchases and sales were earmarked as being for the account of the children.

The action of the respondent in taxing the profits from the sale of Deere & Co. stock to the petitioner is reversed.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*